20427

Lee C. BALLARD, III, Plaintiff, v. W. E. ROWE, d/b/a Rowe Industries, Defendant-Respondent, and William D. Player and Robert I. Player, Defendants-Appellants.

(234 S. E. (2d) 890)

*Messrs. Grimes, Hinds & Cowan,* of Georgetown, *for Appellants.*

*Messrs. Buist, Moore, Smythe & McGee,* of Charleston, *for Respondent,*

May 12, 1977.

LITTLEJOHN, Justice:

This action arose out of a dispute concerning two contracts entered into by the parties, involving the building of a shrimp boat. In November of 1973 the respondent, W. E. Rowe (general contractor) agreed to build a boat for the appellants, William D. and Robert I. Player (boat owners). Several days later, the general contractor entered into a subcontract with the plaintiff Lee C. Ballard, III (subcontractor), for the performance of substantially all of the boat construction.

About one year later, the subcontractor sued both the general contractor and the boat owners for payment of certain monies due under his subcontract and, also, for incidental and extra expenses incurred for additions and changes over and above the requirements of the subcontract. Both the general contractor and the boat owners filed answers to the complaint. In addition, the general contractor and the boat owners cross-claimed against each other. It was the contention of the general contractor that the boat owners still owed $25,839.46 of the general contract price. It was the contention of the boat owners that the general contractor had failed to fulfill the contract and that nothing was owed.

The case was tried before a jury. After all of the evidence was in, and after the argument of counsel and the charge of the law by the judge, the following, as described in the statement of facts, occurred:

"The jury came into the Courtroom and the foreman requested, in the presence of counsel for all parties, a list of items that the [subcontractor] claimed was due and owing him by the [general contractor] as extra items of work and

materials performed over and above the contract existing between them. With consent of counsel for [subcontractor] and counsel for [general contractor], and without objection from counsel for [boat owners], those items were listed on a blackboard in the absence of the jury.

"In addition, over objection of counsel for [boat owners], counsel for [general contractor] listed on the same board, still in the absence of the jury, those items which [general contractor] claims [boat owners] owed him for extra labor and materials over and above the prime contract between them. The jury was then recalled to the Courtroom and the trial judge, before displaying any of the listed items to the jury, inquired if, in addition to the list of extra items as between [general contractor] and [subcontractor], the jury also wished a list of those items of extra labor and materials as between [boat owners] and [general contractor]. The foreman answered in the affirmative and the Court thereafter, over objection of counsel for [boat owners], allowed the jury to view both lists on the blackboard and to take said blackboard into the jury room along with the exhibits in the case. . . ."

After further deliberations, the jury returned a verdict in favor of the subcontractor against the general contractor in the amount of $12,596.89, and also returned a verdict on the cross-claim in favor of the general contractor against the boat owners in the amount of $19,914.35.

Thereafter, counsel for the boat owners moved for a new trial on the ground that the trial judge erred in allowing the figures written on the blackboard by counsel for the general contractor to be submitted to the jury after all the evidence was in. They argued that the figures placed on the blackboard were not supported by the evidence, and submitted that the taking of the blackboard into the jury room by the jury was tantamount to introducing evidence after the case was closed and unduly emphasized the claims and

contentions of the general contractor. The motion was denied.

On appeal, the same issues submitted to the judge as a basis for a new trial are submitted to this Court as a basis for a reversal and the granting of a new trial.

Perhaps it may be argued with some logic that there is at least a *scintilla* of evidence supporting all seven listed claims totaling $7,396.79, but the evidence supporting the contention that some of these items are the obligation of the boat owners is extremely weak and questionable. We doubt that it can be said that there is not a scintilla of evidence to support each item, as a matter of law, but we point out the weakness of the general contractor's showing, since it relates directly to the likelihood of prejudice growing out of the submission of the itemization of the claim on the blackboard and sending it to the jury. Although the judge admonished the jury that the matters written on the blackboard (which were the equivalent of an exhibit) were merely the claim or contention of the general contractor, we must keep in mind the fact that the presiding judge has great influence upon the minds of the jurors, who are quick to seize upon any intimation by work or gesture from him. We think the likelihood of prejudice that the submission of the equivalent of an exhibit to the jury, without the request of the jury and over the objection of counsel for the boat owners, is sufficiently strong that a new trial should be held.

Reversed and remanded.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.