ANSTEAD, Chief Judge.
This is a timely appeal by Mobil of an award of punitive damages to Michael Patrick. Patrick was awarded $1,000.00 in compensatory damages and $50,000.00 in punitive damages as a result of an incident in which gasoline was spilled on him at Mobil’s loading facility. We reverse.
Mobil operates a gasoline truck loading facility in Port Everglades. In late August of 1978 a new truck loading mechanism was installed at the facility. The automated facilities were apparently installed in anticipation of the enactment of stricter government safety regulations. The new mechanism was designed to shut off automatically after feeding a specified number of gallons of gasoline into a tanker truck. Shortly after installation, it was observed *243 that the valves that stopped the pumps sometimes malfunctioned resulting in under filling or over filling of the tanks. The valve manufacturer recommended that Mobil temporarily take the pumps out of service to fix the problem. Instead, Mobil had a manufacturer’s representative attempt to adjust the valves, and tried to negotiate with the manufacturer and local mechanics in order to obtain the best price for the repairs. Mobil’s trucks also contained their own overflow valves to prevent gasoline spills when the pump loading valves did not shut off properly, but these valves too sometimes malfunctioned. On December 20, 1978, Patrick, a painter temporarily on the premises to paint curbings, was doused with gasoline when the loading valve and the overflow valve both malfunctioned while a gasoline truck was being loaded.
Neither Patrick nor his employer had been warned to look out for spills. Patrick had been on the job for some two weeks prior to the accident and had observed no other spills. However, one witness estimated that as many as fifteen overflows of varying proportions occurred after installation of the new system, although Patrick was the only person to be injured. During the same time period several thousand loading operations were performed without spills. The loading facility itself was designed to minimize the risk of fire or other danger. Tankers were grounded to prevent the buildup of static electricity, no smoking was allowed, and the area was specifically designed to allow recovery of any gasoline spilled from the trucks. Ordinarily only a truck driver would be on the premises during loading and he would position himself to stop the pumps manually if an overflow occurred in order to avoid the danger of a spill. The valve problem was remedied soon after Patrick’s accident by adjustment and recalibration of the valves.
It is well established in Florida that punitive damages may be awarded in a negligence case if the tortfeasor’s conduct is sufficiently egregious. While the verbal formulas used to describe that conduct appear abstract and virtually meaningless, it is clear that negligence alone, even gross negligence, cannot be the basis for an award of punitive damages:
Punitive damages cannot be assessed for mere negligent conduct, but must be based on behavior which indicates a wanton disregard for the rights of others. Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214 (1936). Even gross negligence, by itself, will not support an award of punitive damages. Florida Power Corp. v. Scudder, 350 So.2d 106 (Fla. 2d DCA 1977), cert. denied, 362 So.2d 1056 (Fla.), appeal dismissed, 439 U.S. 922 [99 S.Ct. 303, 58 L.Ed.2d 315] (1978). In Clooney v. Geeting, 352 So.2d 1216 (Fla. 2d DCA 1977), the plaintiff alleged that an employer knew its employee was not physically or mentally able to drive its truck. The court held that this knowledge was not sufficient to sustain a claim for punitive damages because the allegations did not show the necessary malice or wanton, willful or outrageous conduct. “[GJross negligence is not enough to give rise to punitive damages — there must be a wilful and wanton disregard for the rights of others.” Id. at 1219.
U.S. Concrete Pipe Co. v. Bould, 437 So.2d 1061 (Fla.1983). Measured by this standard, we do not believe Mobil’s conduct has been shown to be sufficiently egregious to sustain the punitive damage award.
We agree that the jury could conclude that Mobil knew of the danger of gasoline spills and was negligent in remedying the situation and failing to warn Patrick of the danger. However, in light of the absence of prior injuries, and considering the nature of the tanker loading area and the manner in which the loading operations were carried out, we do not believe that Mobil’s conduct in failing to anticipate the risk of injury by a spill could properly be characterized as wilful and wanton. There is no evidence in the record for example, that the overflows actually constituted a danger to human safety up until the time of the incident involved herein. Indeed, one of the reasons for having the automated facilities was to eliminate personal handling of the *244 loading devices and the attendant danger involved. It appears to have been pure coincidence that placed Patrick beside the tanker truck, but outside the view of the tanker driver, at the time of the simultaneous malfunction of both sets of valves. As noted, ordinarily only the truck driver would be nearby and he would intentionally position himself so he could avoid danger and shut down the pumps if an overflow took place. There is simply no evidence in the record from which the jury could conclude that Mobil’s failure to warn or delay in fixing the valves would probably result in human injury.
Accordingly, we reverse the judgment entered by the trial court and remand with instructions that the provisions contained therein for punitive damages be stricken.
HURLEY, J., and WESSEL, JOHN D., Associate Judge, concur.