453 So.2d 211 (1984)
LOUISIANA-PACIFIC CORP., a Delaware Corporation, Appellant,
v.
David H. MIMS, Appellee.
No. AV-417.
District Court of Appeal of Florida, First District.
July 25, 1984.
DuBose Ausley of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, and George Ralph Miller, DeFuniak Springs, for appellant.
Lynn C. Higby and Jack G. Williams, of Bryant, Higby and Williams, Panama City, for appellee.
*212 BARFIELD, Judge.
Louisiana-Pacific Corporation appeals from a final judgment obtained by David H. Mims in a personal injury claim. We reverse.
Mims is a truck driver who injured his back while descending from his wood chip trailer. The trailer was manufactured and sold to defendant/appellant Louisiana-Pacific in 1978. Louisiana-Pacific leased the trailer to Williams Service Company, Mims' employer, but Louisiana-Pacific had the responsibility to service and maintain the trailer.
Mims' trailer had ladders on front and back. The ladders were used by the driver to get into the trailer to pull a tarp over the load as required by state regulations. Mims used the front ladder because he loaded the trailer front to back to improve the handling of his truck. When loaded this way, use of the back ladder was difficult or impossible. The front ladder had a total of six rungs; the lower three rungs were missing for two to four weeks prior to the injury. Mims testified that he asked Louisiana-Pacific's mechanic on three occasions to repair the ladder (the mechanic testified that it was twice). According to the mechanic, he did not make the repairs because it would have taken Mims' truck out of commission and thereby reduced the driver's income. Mims stated that the mechanic told him that he either did not have the time or the materials to make the repairs, or that management was not allowing the shop to manufacture parts for the trailer. It was undisputed that repairing the ladder would have taken 45 minutes to an hour and cost approximately $25 to $30.
The only medical testimony in the case was from plaintiff's physician. He opined that Mims would have permanent scarring of muscle tissue, and on a scale of one to ten, it was eight or nine that he will have some difficulty for the rest of his life. He would be given a zero disability rating, however.
A defense motion for directed verdict on punitive damages was denied. The defense's objection to the introduction of mortality tables was overruled.
During trial, a request was made for the jury to have pencil and paper. Defense objected, and the judge advised defense counsel that he would either let the jury have pencil and paper or any charts used during the trial. Defense objected to both, and the court ruled that he would allow charts to go to the jury. During closing arguments, plaintiff's counsel used an easel and pad to make a suggested award presentation. The judge sent this back with the jury as a court's exhibit with an instruction that it was not evidence.
The jury returned a verdict finding Louisiana-Pacific seventy-five percent negligent and Mims twenty-five percent negligent, and it awarded compensatory damages and punitive damages.
The appellant presents several theories for reversal. We find that three of these theories require discussion, and that two of them have merit.
First, the trial court was correct in allowing mortality tables into evidence. Dr. Rohan's testimony was sufficient on the question of permanent injury to allow the jury to consider life expectancy in awarding damages. Plaintiff is not required to conclusively prove the permanency of his injuries.
We find, however, that trial court erred in allowing the chart prepared and used by plaintiff as an aid in closing argument to remain with the jury during deliberations. The effect of this error can be removed only by the granting of a new trial. The use of the chart during argument is not a matter of right but discretionary with the judge. It is a widely accepted practice, but when the argument is concluded the chart must be promptly removed from the jury's observation. Ratner v. Arrington, 111 So.2d 82 (Fla. 3d DCA 1959). The designation of the chart as a court's exhibit, lending to it the sanction and influence of the judge, is an error far more grievous than leaving it in view of the jury during phases of the trial for which its *213 use is unnecessary. Ballard v. Rowe, 268 S.C. 517, 234 S.E.2d 890 (1977).
Finally, the trial court also erred in denying Louisiana-Pacific's motion for directed verdict on punitive damages. The facts are sufficient to establish that Louisiana-Pacific was negligent but are not so egregious as to impose a civil punishment. Mobil Oil Corp. v. Patrick, 442 So.2d 242 (Fla. 4th DCA 1983). If the evidence of Louisiana-Pacific's negligence at the new trial does not differ substantially from that presented in the original trial, defendant shall be entitled to a directed verdict on punitive damages.
REVERSED and REMANDED for a new trial.
THOMPSON and NIMMONS, JJ., concur.