176 So.2d 558 (1965)
Jessie James MOORE, Appellant,
v.
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Appellee.
No. 5206.
District Court of Appeal of Florida. Second District.
June 16, 1965.
Rehearing Denied July 13, 1965.
Albert Yurko, of Hornsby, Johnson, Yurko & Salfi, Orlando, for appellant.
Robert Bertrand, of Rush, Reed & Marshall, Orlando, for appellee.
ANDREWS, Judge.
This is an appeal from an Order striking a count for exemplary damages contained in the plaintiff's third amended complaint in an action against Southern Bell Telephone and Telegraph Company, defendant.
The plaintiff alleged that he operated a filling station, sold the same, and said station was sold twice thereafter; that the subsequent operator of the filling station did not pay the telephone bill in the amount of $44.86, and services were discontinued; that the defendant telephone company charged the delinquent telephone bill of the filling station against the home phone of the plaintiff which he used in his business. Upon his failure to pay said charges the defendant discontinued the service of his home phone. The plaintiff alleged that the *559 discontinuance of the service was "wrongful, wilful and without probable cause," and that, therefore, he was entitled to exemplary damages.
In order to form the basis for exemplary damages, it is necessary to allege some general facts and circumstances constituting fraud, malice, gross negligence or oppression. Winn & Lovett Grocery Co. v. Archer, 1936, 126 Fla. 308, 171 So. 214. This case has been cited with approval in Thompson v. City of Jacksonville, Fla.App. 1961, 130 So.2d 105. The allegations of the complaint are not sufficient to meet this test. Plaintiff having failed to state a cause of action and declined to plead further, the court correctly granted the motion to strike the count for exemplary damages and entered judgment for the defendant.
Accordingly, the judgment is affirmed.
SHANNON, Acting C.J., and WARREN, LAMAR, Associate Judge, concur.