256 So.2d 9 (1971)
John LOMELO, Sr., et al., Appellants,
v.
AMERICAN OIL COMPANY, a Maryland Corporation, Appellee.
No. 71-454.
District Court of Appeal of Florida, Fourth District.
December 6, 1971.
Rehearing Denied January 18, 1972.
*10 Daniel B. Bass, of Parkhurst & LaHurd, Fort Lauderdale, for appellants.
J.A. West and Thomas T. Grimmett, of Carey, Dwyer, Austin, Cole & Selwood, Fort Lauderdale, for appellee.
REED, Chief Judge.
The broad issue in this case is whether or not the trial court erred in entering a summary judgment in favor of the defendant, American Oil Company, and against the plaintiffs, John Lomelo, Sr., John Lomelo, Jr., and Virginia Lomelo, his wife. The plaintiffs below are appellants here.
The appellants filed in the Circuit Court for Broward County, Florida, on 26 May 1969 a complaint which purports to join four causes of action. The first cause of action asserts that the appellee, American Oil Company, leased appellants a gasoline station for a term of years. The complaint alleges that the appellee failed to maintain the leased premises in accordance with its obligations under the lease, and, as a result, an explosion occurred on the premises damaging the appellants in a sum in excess of $10,000.00. The second cause of action realleges the previous allegations and also alleges that the appellee removed from the leased premises 700 gallons of gasoline which was owned by the plaintiffs. The third cause of action realleges by reference all prior allegations and in addition charges that after the appellants went into possession of the premises under the written lease, the appellee evicted them from possession of the property without "due process of law" and without "just cause... all in violation and breach of the said lease." The fourth cause of action simply realleges all previous allegations by reference and claims punitive damages.
The appellee moved for a summary judgment and the motion was granted on 29 April 1971. The trial court granted the summary judgment as to the first and second causes of action on the ground that the appellants had asserted those causes of action by way of counterclaim in two prior Broward County Circuit Court actions (Case Nos. 69-2000 and 68-606) which counterclaims had been dismissed with prejudice as to each of the present appellants.
The order which was entered on 6 June 1968 in Broward Circuit Court Case No. 68-606, American Oil Company v. John Lomelo, Sr., provides in part as follows:
* * * * * *
"ORDERED that Plaintiff's Motion to Dismiss the Counterclaim is hereby granted and the Counterclaim be and is hereby dismissed with prejudice to the Counterclaimants."
* * * * * *
The terminal order in the other case, American Oil Company v. John Lomelo, Sr., John Lomelo, Jr., and Virginia Lomelo, *11 Broward County Circuit Court Case No. 69-2000 reads in part as follows:
* * * * * *
"ORDERED AND ADJUDGED that the Counterclaim of JOHN LOMELO, JR. and VIRGINIA LOMELO, his wife, is dismissed with prejudice."
* * * * * *
The narrow issue as to the first of appellants' points on appeal is whether or not the aforesaid dismissals are res judicata as to the first and second causes of action alleged by appellants in the complaint in the present case. If so, the summary judgment as to those causes of action should be affirmed. We hold that when the prior counterclaims were dismissed with prejudice and no attack was made on the dismissals, such dismissals became an adjudication that the causes of action asserted in the counterclaims were without merit and, therefore, a bar to the reassertion of the same causes of action by the same parties in the present action, even though the prior dismissals were on stipulation of the parties. Thus, we affirm the summary judgment as to the first two causes of action.
At the outset, we note there can be no contest with respect to the identity between the cause of action pled by appellants in the prior circuit court suits and the first two causes of action pled by them in the complaint filed in the present action. Appellants' brief concedes this. Appellants' contention is simply that the dismissals in the two prior circuit court actions were not adjudications on the merits because the dismissals were based on stipulations.
The appellee contends that the disposition of the case should be controlled by Rule 1.420(b), FRCP, 30 F.S.A., which provides:
"* * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits."
The foregoing provision is not applicable. It applies primarily to involuntary dismissals. The dismissals in the prior actions apparently were voluntary in that they were based on stipulations of the parties. In our view these dismissals come within the contemplation of Rule 1.420(a) (2), FRCP. This section of the rule provides that a dismissal thereunder, unless otherwise specified, is without prejudice. Rule 1.420(a) (2), FRCP, contemplates the possibility that in some cases a voluntary dismissal could be with prejudice, i.e., an adjudication on the merits.
Although we have found no controlling Florida decision, authority from other jurisdictions supports the conclusion which we have reached. See Anno. 149 A.L.R. 626 wherein the editor states:
"Where a judgment dismissing an action `with prejudice' is rendered upon a stipulation of the parties, it operates as a bar to another action upon the same cause."
See also Anno. 2 A.L.R.2d 514, 521, and Astron Industrial Associates, Inc. v. Chrysler Motors Corp., 5 Cir.1968, 405 F.2d 958, 960. Furthermore, common sense supports this conclusion. In the context of this case, no other significance could be attributed to the prior dismissals.
There is one Florida case which has not been cited by the parties, but should be taken into account. This is North Shore Realty Corporation v. Gallaher, Fla.App. 1957, 99 So.2d 255. In that case the District Court of Appeal for the Third District had before it the question as to whether or not a voluntary dismissal of a prior suit for declaratory decree barred a subsequent suit for declaratory decree. The first action was brought by Green Heron Operating Company, an assignee of a lease, against the lessor for the purpose of securing a declaratory decree as to the rights of the parties under certain portions *12 of the lease. This suit was terminated by an order which stated:
* * * * * *
"`This cause came on to be heard before me on the motion of the parties by their respective attorneys and it being represented to the Court that all the matters in dispute have been amicably adjusted, it is thereupon 
"`Ordered, Adjudged and Degreed that the above entitled case be and it is hereby dismissed with prejudice and at the cost of the plaintiff.'" (Emphasis added.)
* * * * * *
The second suit was brought by a subsequent assignee from Green Heron Operating Company to obtain an interpretation of the same portion of the lease as was involved in the first suit. The district court held that the dismissal of the first action did not bar the second action because from the dismissal it was impossible to know what if anything was adjudicated. This opinion is sound because of the nature of the actions there involved. As the Third District pointed out:
"* * * One who seeks a declaratory judgment is generally not seeking to enforce a claim against the defendant; rather, he is seeking a judicial declaration as to the existence and effect of a relationship between himself and the defendant. * * *" (Emphasis added.)
This distinguishes the North Shore case from ours. The two prior suits here involved sought to enforce specific claims against the appellee; hence, the dismissal of those actions with prejudice can be said to have adjudicated the merits of the specific claims therein asserted. The Third District further noted that its opinion was limited to the context in which it arose by stating:
* * * * * *
"It is well to note that no attempt is being made to lay down a broad general rule that could be applied in all situations wherein a consent decree or judgment is obtained, but we limit the application to the facts and record before us. There could be many instances of a consent dismissal that would render the issues res judicata, but we feel that such is not the case before us." (Emphasis added.)
* * * * * *
Thus, while we agree with the Third District's opinion and even find some support therein, we do not consider its holding to be controlling on the facts of the present case.
The trial court entered summary judgment as to the third cause of action on the ground that it was based on trespass and as such was barred by the three year statute of limitations (F.S. 1969, section 95.11(5) (b), F.S.A.). Under their second point, the appellants argue that the third cause of action was based not on trespass, but on a breach of a written lease to which the five year statute of limitations applies (F.S. 1969, section 95.11(3), F.S.A.).
Although the appellants' third cause of action is far from clear, we hold that it could be said to be based on a breach of contract and, therefore, not subject to the trespass statute of limitations. The appellee's attorney conceded as much at oral argument.
The appellee contends that the third cause of action was, like the first two causes of action, laid to rest by prior dismissals. On the record before us we cannot conclude that there is such an identity between those prior causes of action and the third cause of action in the present complaint as is necessary to the application of the bar of res adjudicata. City of Miami Beach v. Prevatt, Fla. 1957, 97 So.2d 473, 477; Gordon v. Gordon, Fla. 1952, 59 So.2d 40, 44.
As to the fourth cause of action the summary judgment is affirmed for two reasons. First, appellants have not demonstrated any error in the trial court's ruling *13 on that cause of action. Secondly, the attempted statement of the cause of action is so lacking in essential allegations that no genuine issue could be adjudicated under it. Cf. Rice v. Clement, Fla.App. 1966, 184 So.2d 678, 680; Moore v. Southern Bell Telephone and Telegraph Company, Fla. App. 1965, 176 So.2d 558.
The judgment appealed from is reversed as to the third cause of action and the cause is remanded for further proceedings thereon. In all other respects, the judgment is affirmed.
Affirmed in part; reversed in part.
WALDEN and MAGER, JJ., concur.