PER CURIAM.
Plaintiff, Holiday Air Associates, in this negligence action seeking to recover damages to its aircraft after a crash-landing, appeals a summary judgment entered in favor of defendant, John T. Clark.
Holiday Air is the owner of a Cessna 402-A airplane which was forced to crash-land resulting in extensive damage to the aircraft. The alleged cause of the crash was the installation of improperly recapped tires which did not meet the manufacturer’s specifications as to size and quality; when the tires were mounted on the aircraft their bulk would not permit the main landing gear of the aircraft to be properly retracted and lowered. Holiday filed the instant action for damages against John T. Clark and others alleging that Clark, who is a certified mechanic, negligently installed the tires on the Cessna and failed to conduct a wheel retraction test. Clark answered generally denying the material allegations of the complaint. Subsequently, Clark filed a motion for summary judgment attaching a stipulation for compromise and settlement[1] by which he claimed Holiday had released him from all claims and demands. After a hearing, the trial judge entered the summary judgment for Clark. We reverse.
After an examination of the record and the stipulation, we conclude that there remain questions of fact as to whether or not the stipulation released Clark from liability with respect to the issues raised by the present law suit. Thus, the summary judgment is reversed and the cause remanded to the trial court for further proceedings not inconsistent herewith. See Holl v. Talcott, 191 So.2d 40 (Fla.1966).
Reversed and remanded.

. It appears that this stipulation which was approved by court order resulted from a prior suit brought by Clark against Holiday Air and others.