LETTS, Judge.
This case involves a two car collision. The passenger in car # 1 was killed and her estate filed suit against the estate of the driver in said car # 1 in which she was riding (this driver was also killed). Her estate claimed negligent operation of said vehicle. The deceased driver’s estate filed an answer, but in addition brought a third party complaint against the driver of the other vehicle involved in the collision car (# 2). Said third party complaint stated in part:
7. That at the above-mentioned time and place, the Third Party Defendants, [driver of vehicle # 2] operated and maintained the aforesaid vehicle in such a negligent and careless manner and were guilty of such active and primary negligence so as to solely, directly and proximately cause it to collide with the vehicle [vehicle # 1] driven by the Third Party Plaintiff, ROBERT STANLEY LIA-CHOFF, and that the vehicle operated by the Third Party Defendant was traveling at an excessive rate of speed without due regard to the health, safety and welfare of the Third Party Plaintiffs.
8. That as a direct and proximate result of the aforementioned negligence of the Third Party Defendants, the Plaintiff, FLOYD WAGONER, JR., individually, and as husband and surviving spouse of LINDA C. WAGONER, deceased, has brought suit against the Third Party Plaintiffs.
9. That the Third Party Plaintiffs allege that the aforementioned motor vehicle accident was the sole, direct and proximate cause of the active negligence, of the Third Party Defendants as herein-above set forth, and that the negligence, if any, of the Third Party Plaintiffs was *469 only passive, and the Third Party Defendants are thereby liable to the Third Party Plaintiffs for any and all of the Plaintiffs’ damages recovered against the Third Party Plaintiffs, if any, that may be recovered in this lawsuit.
WHEREFORE, the Third Party Plaintiffs pray this Honorable Court for indemnity from the Third Party Defendants for any and all judgments and damages which may be entered against the Third Party Plaintiffs or that the Third Party Plaintiffs may become liable to pay as a result of the accident out of which this suit arises, (emphasis supplied)
COUNT II
10. The Third Party Plaintiffs reallege Paragraphs 1 through and including 9 as though fully set forth herein.
11. That pursuant to Florida Statutes Annotated § 768.31, the Third Party Plaintiffs are entitled to contribution from the Third Party Defendants should judgment be entered against the Third Party Plaintiffs in favor of the Plaintiff pro rata in accord with equitable principles.
WHEREFORE, the Third Party Plaintiffs pray this Honorable Court to award them contribution against the Third Party Defendants for the pro rata share of any judgment, damages and/or costs awarded the Plaintiffs against the Third Party Plaintiffs in this lawsuit, (emphasis supplied)
Thereafter the third party plaintiffs [car # 1] and the third party defendants [car # 2] amicably settled their differences in this initial suit and caused pleadings to be filed of which the following constitute the gravamen:
AMENDED NOTICE OF VOLUNTARY DISMISSAL
COMES NOW the Defendants/Third Party Plaintiffs, MURRAY LIACHOFF, as Administrator of the Estate of ROBERT STANLEY LIACHOFF, deceased, and KELLEY KAR RENTAL, INC., a Florida corporation, by and through their undersigned counsel and hereby files this its Amended Notice of Voluntary Dismissal with prejudice as to Third Party Defendants, EMILE JOSEPH MARIEN, THERESE C. MARIEN, his wife, and OHIO CASUALTY INSURANCE COMPANY.
STIPULATION FOR DISMISSAL
IT IS HEREBY STIPULATED by and between counsel for all parties that the above-styled cause be dismissed with prejudice, as the same has been amicably settled.
MAYNARD A. GROSS, ESQUIRE Attorney for Plaintiff
ALTON G. PITTS, ESQUIRE Pitts, Eubanks, Ross & Rumberger, PA Attorneys for Third Party Defendants, Marien and Ohio Casualty
JAMES B. DENMAN, ESQUIRE James V. Dolan and Associates, P.A. Attorneys for Third Party Plaintiffs and Third Party Defendant, Chicago Insurance Company
ORDER OF DISMISSAL
THIS CAUSE having come on to be heard before the undersigned upon the foregoing Stipulation for Dismissal, counsel having agreed, the Court being otherwise fully advised in the premises, it is
*470 CONSIDERED, ORDERED AND ADJUDGED that the above-styled cause be dismissed with prejudice.
DONE AND ORDERED in Chambers, at Kissimmee, Osceola County, Florida, this 1st day of February, 1977.
CECIL H. BROWN Circuit Judge
Notwithstanding the foregoing, the estate of the driver of car # 1, which was also the third party plaintiff, had already filed a separate lawsuit against the driver of car # 2 claiming the former’s wrongful death, in the same identical accident, resulted from the sole negligence of the third party defendant who was the driver of car # 2.
To this further cause of action the defense claimed collateral estoppel by reason of the voluntary dismissal of the other suit. The trial court agreed and granted summary judgment. We reverse.
The most oft quoted statement about res judicata vis-a-vis collateral estoppel was made by Justice Field when he said:
In the former case the judgment if rendered on the merits constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand but as to any other admissible matter which might have been offered for that purpose. * * * Such demand or claim having passed into judgment cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever.
But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered.
Cromwell v. County of Sac, 1876, 94 U.S. 351, 24 L.Ed. 195.
It is our conclusion that the second action now before us is predicated on a “different claim or demand,” and therefore collateral estoppel is appropriate. In the first action car # l’s third party complaint against car # 2 is saying no more than:
“Whatever the estate has to pay the dead passenger because of your negligence you must reimburse it for, or, in the alternative, contribute your share pro rata to any judgment rendered against the estate.”
Nowhere in this third party complaint is the estate of the driver of car # 1 seeking damages for itself. The claim or demand for damages in the second suit is therefore separate and distinct for now car # 1 is seeking damages for itself.
The driver of car # 2 concedes that res judicata is not applicable but argues that collateral estoppel here acts as a bar because the matter in issue is identical in both actions; that is, whether the driver of car # 2 was negligent. We accept this argument as far as it goes, however we are of the opinion that the single negligence of a tortfeasor may give rise to many causes of action among those offended by the tort. In the case at bar, there are two matters at issue and two points controverted. They are:
1. Is the driver of car # 2 liable in damages to the estate of the driver of car # 1.
2. Is the estate of the driver of car # 1 entitled to indemnification or contribution from the driver of car # 2 for any judgment obtained against said estate by the deceased passenger riding in car # 1.
The second of these two issues has been concluded, but the first has never been passed on. See Holiday Air Associates, Inc. v. Aero Tire Company, 353 So.2d 585 (Fla.3d DCA 1978) and Dixie Farms, Inc. v. Hertz Corp., 343 So.2d 633 (Fla.3d DCA 1977).
*471 The driver of car # 2 further argues that whether or not estoppel is a bar, this subsequent suit is prevented in any event by the voluntary dismissal with prejudice of the initial suit, stipulated to by all parties and confirmed by court order. It is suggested that this course of conduct is an adjudication on the merits which precludes the subsequent suit. To bolster this argument the driver of car # 2 cites Lomelo v. American Oil Company, 256 So.2d 9 (Fla.4th DCA 1972) which does indeed hold that a judgment dismissing an action with prejudice, upon stipulation of the parties, operates as an adjudication on the merits and a bar to a subsequent cause of action. However, Lo-melo was careful to note the concession by all parties therein that the two causes of action were identical. No such concession is made here and in fact they are not identical.
REVERSED AND REMANDED IN ACCORDANCE HEREWITH.
BURNSTEIN, MIETTE K., Associate Judge, concurs.
MOORE, J., concurs specially.
MOORE, Judge,
concurring specially.
I concur in the conclusion reached by the majority, but I respectfully disagree with the reasoning employed in reaching that conclusion.
This was a two car automobile accident in which Marien was the driver of one ear and Liachoff, the driver of the other. Wagoner was a passenger in the Liachoff vehicle, and Liachoff and Wagoner were both killed as a result of the accident. The personal representative of Liachoff’s estate originally sued Marien for Liachoff’s wrongful death. While that suit was pending, the personal representative of Wagoner commenced suit against Liachoff’s estate for the wrongful death of Wagoner. In the Wagoner case, Liachoff’s estate brought a third party action against Marien for indemnification and/or contribution.
In the Wagoner case, Liachoff’s estate voluntarily dismissed the third party action with prejudice. That dismissal was the sole basis on which Marien sought summary judgment in the suit against him by Lia-choff’s estate. The granting of summary judgment in favor of Marien is the subject of this appeal.
Under the doctrine of res judicata, a voluntary dismissal with prejudice operates as a bar to another action upon the same cause of action. Lomelo v. American Oil Company, 256 So.2d 9 (Fla. 4th DCA 1972). One of the elements which must be present before the doctrine of res judicata is brought into play is the identity in the thing sued for. In the instant case, suit was brought for the wrongful death of Liachoff. In the Wagoner case, the third party action was for indemnification and contribution. Thus, the identity of the thing sued for is not present in the two cases and we must therefore look to the doctrine of collateral estoppel to determine whether the summary judgment was proper.
Collateral estoppel, or estoppel by judgment as it is sometimes referred to, operates to bar a further action on the same issue which has been litigated previously between the same parties or their privies. Seaboard Coast L. R. Co. v. Industrial Contracting Co., 260 So.2d 860 (Fla. 4th DCA 1972). As stated by Judge Mager in Seaboard when referring to the doctrine of collateral estoppel:
“ . . . It is essential that the question common to both causes of action was actually adjudicated in the prior litigation. Youngblood v. Taylor, Fla.1956, 89 So.2d 503. If there is any uncertainty as to the matter formerly adjudicated the burden of showing it with sufficient certainty by the record or extrinsically is upon the party who claims the benefit of the former judgment. Stone v. Stone, Fla.App.1959, 111 So.2d 486. It is not enough for the court to apply collateral estoppel where the former cause involved the same issues if it cannot be shown that such issues were clearly adjudicated.”
From my review of the record in this case, the intent of the Liachoff Estate in voluntarily dismissing with prejudice the third party action for indemnification and *472 contribution is not clear. Marien has failed to demonstrate the absence of genuine issues of material fact and its entitlement to judgment as a matter of law. It may well be that the parties intended the voluntary dismissal with prejudice in the Wagoner suit to forever release Marien from the consequences of his negligence; however, such an intention cannot be garnered from the record herein. I therefore feel that summary judgment was improper because the burden of proving the applicability of collateral estoppel was not carried and this cause should be reversed for further proceedings.