525 So.2d 996 (1988)
Alvin G. WALSINGHAM, Stephen A. Wimberly and Alvin W. Walsingham, Appellants,
v.
Phillip A. BROWNING, Jr., t/d/b/a Thunderbird Lounge, Appellee.
No. BR-183.
District Court of Appeal of Florida, First District.
May 25, 1988.
*997 Joseph S. Farley, Jr. of Mahon, Farley & McCaulie, Jacksonville, for appellants.
Frank H. Cole, Jr. of Coker, Myers & Schickel, Jacksonville, for appellee.

ON REHEARING GRANTED
WENTWORTH, Judge.
Upon consideration of appellants' motion for rehearing, we withdraw and vacate our previous opinion of February 16, 1988, and substitute the following opinion.
Appellants seek review of an order by which final summary judgment was entered against them on their personal injury claim against appellee based on allegations of both vicarious liability and negligent supervision. Appellants contend that the trial court erred in granting the motion for summary judgment on the basis of a mutual release and settlement of the related claim by appellants against appellee's employee. We find the trial court erred in granting final summary judgment for appellee on the negligent supervision claim, because appellants' voluntary dismissal of their battery counterclaim against the employee pursuant to the terms of a mutual release and settlement with prejudice did not preclude litigation of their claim against appellee based on the allegations of negligent supervision of the employee. We therefore reverse.
Appellants in December 1982 engaged in an altercation with Thunderbird Lounge security guard Thomas Tawes, an off-duty policeman. Appellants were arrested and charged with battery on a law enforcement officer, resisting arrest, and disorderly intoxication. Tawes filed suit against appellants for injuries he sustained in the brawl. Appellants counterclaimed against Tawes, alleging battery, and filed this separate action against lounge owner Phillip Browning, Jr., trading and d/b/a Thunderbird Lounge, alleging that he was vicariously liable for Tawes' intentional tort, and directly liable for his negligent supervision of Tawes. In December 1984 Tawes and appellants executed a mutual release and settlement of claims, by which appellants agreed to pay Tawes $45,000 in exchange for his release and discharge of all claims and actions against them arising out of the 1982 altercation. As part of the release and settlement, appellants dismissed with prejudice their battery counterclaim against Tawes. Appellants' claim against Browning was continued and set for trial. Browning filed a motion for summary judgment, alleging that appellants' voluntary dismissal of their counterclaim against Tawes was an adjudication on the merits of that action, and that appellants' release of the employee Tawes was a release of the employer Browning. The trial court granted the motion for summary judgment on these grounds.
In an action against an employer for the actions of the employee based upon the theory of vicarious liability or respondeat superior, the plaintiff must show liability on the part of the employee: "[I]f the employee is not liable the employer is not liable." Mallory v. O'Neil, 69 So.2d 313 (Fla. 1954). Appellants' voluntary dismissal of their battery counterclaim against Tawes was, pursuant to the terms of the mutual release and settlement, with prejudice and therefore, under Fla.R.Civ.P. *998 1.420(a)(1) was a negative adjudication on the merits of that claim against Tawes. See Lomelo v. American Oil Co., 256 So.2d 9 (Fla. 4th DCA 1971). Dismissal of the battery claim against Tawes therefore precluded litigation of the vicarious liability issue in appellants' claim against Browning.
The establishment of a wrongful act by an employee has also been required in order to impose negligence liability upon an employer for negligent hiring or retention of an employee whose conduct is in question. Texas Skaggs, Inc. v. Joannides, 372 So.2d 985 (Fla. 2d DCA 1979).[1] Although we find, on the same rationale, that the establishment of a wrongful act by the employee in the present case was required in order to impose liability on the employer for negligent supervision, we also find that appellants' voluntary dismissal of their battery claim against the employee Tawes, with prejudice, did not preclude their establishment of a wrongful act by Tawes in the negligent supervision claim against Browning. Unlike Skaggs, in which there was a judicial determination by jury verdict that the defendant store owners and employers of the store security guard had not maliciously prosecuted the plaintiff, there was in the present case no judicial determination that Tawes committed no wrongful act. Instead, appellants agreed pursuant to the mutual release and settlement only to release Tawes from the consequences of his actions and to voluntarily dismiss with prejudice their claim against him, without articulation of any broader intent. While the voluntary dismissal with prejudice effectively adjudicated in Tawes' favor the merits of the claim against him, it was not the equivalent of "a tempered determination of fact and law after the annealment of an adversary trial." That distinction is noted in Kasper Wire Works, Inc. v. Leco Engineering and Mach., Inc., 575 F.2d 530, 538 (5th Cir.1978), where the court found that a consent decree dismissing a claim with prejudice and entered pursuant to a settlement was not identical in effect to a judicial determination reached after trial. Here, although appellants' dismissal of their claim against Tawes pursuant to the settlement would bar them from again bringing the same cause of action against Tawes (see Liachoff v. Marien, 376 So.2d 468 (Fla. 4th DCA 1979); Lomelo, supra), they did not seek to hold Tawes liable for his actions in their negligent supervision claim against Browning. Appellants may accordingly still establish a wrongful act by Tawes as a predicate for imposing liability upon Browning for his negligent supervision of Tawes. The trial court therefore improperly entered final summary judgment against appellants as to the negligent supervision issue.
The order is reversed and the cause remanded for further proceedings consistent herewith.
SMITH, C.J., and JOANOS, J., concur.
NOTES
[1] The cited opinion concludes that because "there was no allegation of any tort committed by the guard other than malicious prosecution ... it was error for the court to have instructed the jury that, even if they should find [no malicious prosecution] ... they could still find Skaggs-Albertsons liable for negligently hiring, training or retaining the guard."