631 So.2d 1132 (1994)
George JONES and Vickie Jones, his wife, Appellants,
v.
INTEGRAL INSURANCE COMPANY, Appellee.
No. 93-564.
District Court of Appeal of Florida, Third District.
February 8, 1994.
*1133 Levine, Busch, Schnepper & Stein, Jay M. Levy, Miami, for appellants.
Wolpe, Leibowitz, Berger & Brotman and Steven Berger, Miami, for appellee.
Before BARKDULL, BASKIN and GERSTEN, JJ.
BASKIN, Judge.
George and Vickie Jones [collectively "Jones"] appeal a final summary judgment in defendant Integral Insurance Company's favor in an action to recover underinsured motorist benefits. We reverse.
In Louisiana, George Jones, a passenger in a truck owned by Nationwide Trucking and insured by Integral, was seriously injured when the truck collided with a vehicle driven by an underinsured motorist [UM]. The tort-feasor was insured by Fidelity Fire and Casualty Insurance Company with $10,000 liability coverage. Jones filed an action against Integral for UM benefits after the one year Louisiana statute of limitations on the claim had expired. Integral filed a motion for summary judgment, asserting that Jones was not entitled to recover UM benefits because he had allowed the Louisiana statute of limitations to run, violating a policy provision that he safeguard Integral's rights of subrogation. Jones contended that he had not violated the policy because the Integral policy did not require him to file suit against the tort-feasor and that he had not abrogated Integral's subrogation rights. The court entered final summary judgment in Integral's favor.
Integral's policy provides, in pertinent part: "If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after `accident' or `loss' to impair them." In support of summary judgment Integral argues that Jones violated this clause and was not eligible to recover UM benefits because the Louisiana statute of limitations had run on Jones' claim against the tort-feasor barring any recovery by Integral. We are not persuaded by this argument.
Integral may not prevail by arguing that Jones had an obligation to bring suit against the tort-feasor thereby preserving its subrogation rights; this position has long been decried by Florida law. Arrieta v. Volkswagen Ins. Co., 343 So.2d 918 (Fla. 3d DCA 1977); Apodaca v. Old Sec. Casualty Ins. Co., 348 So.2d 677 (Fla. 3d DCA 1977). "It is well settled that insurance policies should be construed liberally in favor of the insured." Dauksis v. State Farm Mut. Auto. Ins. Co., 623 So.2d 455 (Fla. 1993). Here, the policy does not expressly require Jones to file an action against the tort-feasor. Thus, Jones has no obligation at law to bring suit against the tort-feasor. See Allstate Ins. Co. v. Boynton, 486 So.2d 552, 557 (Fla. 1986) ("One involved in an accident with an uninsured motorist can bring a common law action against the uninsured motorist, if he so desires... . However, the insured motorist may opt to make a claim against his UM carrier instead of suing the tortfeasor."); Arrieta.
*1134 Next, Integral argues that Jones is precluded from recovering benefits under the holding in Boynton because Integral can no longer bring suit against the tort-feasor. Integral relies on Boynton to support its assertion that UM benefits are not available to an insured where the statute of limitations would defeat a lawsuit against the third-party tort-feasor. We reject this interpretation of Boynton.
An insured is entitled to UM benefits when the insured is "legally entitled to recover damages" from the uninsured motorist. Section 627.727(1), Fla. Stat. (1991). "The term `legally entitled to recover' means that `the insured must have a claim against the tort-feasor which could be reduced to judgment in a court of law." Newton v. Auto-Owners Ins. Co., 560 So.2d 1310, 1312 (Fla. 1st DCA 1990) (citing Boynton, 486 So.2d at 555), review denied, 574 So.2d 139, 141 (Fla. 1990) (approved in Dauksis v. State Farm Mut. Auto Ins. Co., 623 So.2d 455 (Fla. 1993)). Boynton held "that the phrase `legally entitled to recover' in the context of section 627.727(1) does not encompass claims where the insured tortfeasor is immune from liability because there is a statutory bar to an action against the insured tortfeasor, but for which bar, recovery would lie." Michigan Millers Mut. Ins. Co. v. Bourke, 607 So.2d 418, 421 (Fla. 1992) (emphasis supplied); Dauksis. The Boynton court stated that UM benefits are not available where a substantive defense bars the insured's right to recover damages from the tort-feasor. That holding does not prevent Jones from recovering UM benefits, because Jones was not barred from bringing suit against the tort-feasor, nor is the tort-feasor shielded by immunity from statutory liability. Although the procedural statute of limitations would preclude Jones from recovering in an action against the tort-feasor, Jones had the legal right to recover damages from the tort-feasor at the time of the accident. Had Jones filed his claim directly against the tort-feasor, the tort-feasor would have been legally obligated to pay. This factual scenario contrasts with Boynton, where the insured never had the legal right to bring a lawsuit because the employer had a substantive defense, namely, workers' compensation immunity. See Galaro v. State Farm Mut. Auto. Ins. Co., 502 So.2d 497 (Fla. 1st DCA 1987); Simon v. Allstate Ins. Co., 496 So.2d 878 (Fla. 4th DCA 1986). UM coverage is available to Jones. See Boynton, 486 So.2d at 557 ("With UM coverage, the carrier pays only if the tortfeasor would have to pay, if the claim were made directly against the tortfeasor.").
For the foregoing reasons, we hold that the trial court erred in entering summary judgment in Integral's favor. We reverse the summary judgment, and remand for entry of summary judgment in Jones' favor on the issue of coverage.
In light of our holding, we need not reach the remaining point on appeal.
Reversed and remanded.