667 So.2d 261 (1995)
Deborah LEWIS and Michael Lewis, Appellants,
v.
ALLSTATE INSURANCE CO., an Illinois Corporation, Appellee.
No. 93-3786.
District Court of Appeal of Florida, First District.
August 31, 1995.
Michael S. Davis, of Boone & Davis, P.A., Wilton Manors, for appellants.
Harold R. Mardenborough, Jr. and Charles A. Stampelos, of McFarlain, Wiley, Cassedy & Jones, P.A., Tallahassee, for appellee.
JOANOS, Judge.
Deborah and Michael Lewis (appellants) appeal the trial court's dismissal with prejudice of their claim for underinsured motorist (UM) benefits against Allstate Insurance Company (Allstate). The issue presented in this case is whether UM benefits are available to an insured when a procedural bar, such as the statute of limitations, would defeat recovery from the uninsured motorist. We conclude that UM benefits are recoverable in these circumstances, and reverse the order dismissing appellants' claim against Allstate.
In March 1984, appellants sustained injuries in an automobile accident with a vehicle owned by Richard and Cynthia Hester. At that time, appellants had uninsured and underinsured motorist insurance coverage with Allstate. In 1988, appellants filed suit against the Hesters and Allstate, alleging that the Hesters were responsible for the accident, and had insufficient liability insurance to cover appellants' injuries. Although appellants filed the lawsuit before the statute of limitations ran on the claim against the Hesters, they failed to effect service upon the Hesters within the prescribed time period. As a consequence, the trial court dismissed the suit against the Hesters with prejudice. The dismissal with prejudice was affirmed by this court in 1993. See Lewis v. Hester, 619 So.2d 956 (Fla. 1st DCA 1993).
In 1992, after the trial court issued its order dismissing the case against the Hesters, Allstate sought to be dismissed from the action, alleging that the dismissal of the tortfeasors barred appellants' recovery of UM benefits. Allstate's motion was heard October 12, 1993, after this court issued its decision affirming the trial court's dismissal of the claim against the Hesters. The trial court viewed the tortfeasors' liability for damages as a condition precedent to appellants' recovery of UM benefits. Since appellants' suit against the tortfeasors was barred by expiration of the limitations period, the trial court concluded that appellants' inability to recover from the Hesters barred their recovery of UM benefits as well, and granted Allstate's motion to dismiss with prejudice.
An insured is entitled to recover uninsured or underinsured motorist benefits when he is "legally entitled to recover damages" from the uninsured motorist. § 627.727(1), Fla. Stat. (1983); Jones v. Integral Insurance Co., *262 631 So.2d 1132, 1134 (Fla. 3d DCA 1994). The phrase "legally entitled to recover" means: "the insured must have a claim against the tortfeasor which could be reduced to judgment in a court of law." Newton v. Auto-Owners Insurance Company, 560 So.2d 1310, 1312 (Fla. 1st DCA), review denied, 574 So.2d 139 (Fla. 1990), approved by Dauksis v. State Farm Mutual Auto Insurance Co., 623 So.2d 455 (Fla. 1993).
In the context of section 627.727(1), an insured is not "legally entitled to recover" from his UM insurer when the uninsured tortfeasor is immune from liability, as when the immunity provisions of the Workers' Compensation Act apply to prevent the suit. Allstate Insurance Co. v. Boynton, 486 So.2d 552, 553 (Fla. 1986). In other words, when the tortfeasor has a substantive defense to the claim of the insured, the insured is not legally entitled to recover, either from the tortfeasor, or from his UM insurer.[1]Boynton, 486 So.2d at 559.
Here, the issue is whether the UM insurer can avoid liability to its insured, when the statute of limitations would bar the insured from recovery in an action against the tortfeasor. The question was addressed in Jones v. Integral Insurance Company, on facts similar to the fact scenario in this case. In Jones, as here, the plaintiff could not recover from the tortfeasor because the statute of limitations had run on the claim. While recognizing the Boynton holding that UM benefits are not available where a substantive defense bars recovery from a tortfeasor, the court concluded that the statute of limitations would not bar the insured's right to recover UM benefits because the insured "had the legal right to recover damages from the tort-feasor at the time of the accident." 631 So.2d at 1134.
The decision in Jones is consistent with the rule announced in JFK Medical Center, Inc. v. Price, 647 So.2d 833 (Fla. 1994), approving Price v. Beker, 629 So.2d 911 (Fla. 4th DCA 1993). The issue in Price was whether a settlement agreement followed by a dismissal with prejudice of the active tortfeasor in a medical malpractice action operated as an adjudication on the merits of the claim against the passive tortfeasor, JFK Medical Center. The claim against the medical center was premised upon a theory that the employer was vicariously liable for the acts of its employee. The trial court held that entry of a dismissal with prejudice against the physician based on a settlement agreement barred continuation of an action against the employer. The Fourth District noted that the trial court's ruling was supported by the decision in Jones v. Gulf Coast Newspapers, Inc., 595 So.2d 90 (Fla. 2d DCA), review denied, 602 So.2d 942 (Fla. 1992),[2] but disagreed with that ruling. In so doing, the court stated that Jones v. Gulf Coast Newspapers, Inc. relied upon Walsingham v. Browning, 525 So.2d 996 (Fla. 1st DCA 1988), in which this court held that a dismissal with prejudice is a decision on the merits.[3]
In Price v. Beker, the court explained that the holding in Jones v. Gulf Coast Newspapers *263 failed to distinguish between an order of dismissal entered by consent of the parties to partially effect a settlement, and "a true adjudication on the merits where the active tortfeasor is found not liable." 629 So.2d at 911. Since there had been no decision on the merits of the claim, the question remained whether the dismissal would bar a claim against the tortfeasor's employer. Concluding that the settlement and consent dismissal would not bar the vicarious liability claim, the court held the parties' agreement to a dismissal with prejudice should be treated no differently than is the parties' freedom to settle claims against one or more tortfeasors without jeopardizing claims remaining against others. See §§ 768.04(1) and 768.31(5), Fla. Stat.
The supreme court expressly disapproved the decision in Jones v. Gulf Coast Newspapers, agreeing with the Fourth District that the voluntary dismissal with prejudice of the active tortfeasor "is not the equivalent of an adjudication on the merits that will serve as a bar to continued litigation against the passive tortfeasor." 647 So.2d at 834. The court further held that the "voluntary dismissal of the active tortfeasor shall not impair the passive tortfeasor's right to indemnification." Id.
In view of the decisions in JFK Medical Center v. Price and Jones v. Integral Insurance Co., which were not available to the trial court when the subject order of dismissal with prejudice was entered, we conclude the expiration of the statute of limitations as to the active tortfeasors in this case did not operate as an adjudication on the merits.[4] Since appellants had the legal right to recover damages from the tortfeasors at the time of the accident, it appears the expiration of the limitations period as to the tortfeasors does not bar their right to recover UM benefits.[5]
Because we consider the issue presented in this appeal to be a matter of great public importance, we certify the following questions to the Florida Supreme Court:
Does a procedural defense such as a statute of limitations, which would bar an insured motorist's claim against an uninsured tortfeasor, also act as a bar to the insured motorist's right to recover from his insurer under his uninsured motorist contract of insurance?
Does a tortfeasor's statute of limitations defense extinguish an uninsured motorist insurer's subrogation rights?
Accordingly, we reverse the order dismissing the claim against Allstate with prejudice, and remand to the trial court for further proceedings.
ERVIN and MINER, JJ., concur.
NOTES
[1] The rationale underlying Boynton is that UM coverage ought not be broadened to provide a remedy to a worker injured by the negligence of an uninsured co-employee, when workers' compensation benefits have been provided to limit the impact of the injury. 486 So.2d at 559.
[2] In Jones v. Gulf Coast Newspapers, the plaintiff/appellant filed a negligence action, naming the employee of a newspaper and the newspaper as defendants. Appellant settled the claim against the employee and her insurer, executing a release which stated expressly that it did not release the newspaper from liability. After the trial court dismissed the action against the employee with prejudice, the newspaper filed a motion for summary judgment, asserting that dismissal of the active tortfeasor barred any claim against the employer. The trial court granted the motion. The appellate court affirmed, because appellants' only theory of liability against the newspaper was vicarious liability or respondeat superior. The court held the dismissal with prejudice of the active tortfeasor was a negative adjudication on the merits of appellants' claim against the passive tortfeasor.
[3] In Walsingham, the court barred a plaintiff from bringing a vicarious liability claim against the defendant's employer because the plaintiffs consented to dismiss their battery counterclaim against the employee with prejudice, following settlement with the defendant-employee. The court further noted that the employee was not precluded from establishing the co-employee's wrongful act as a necessary predicate for imposing liability upon the employer for negligent supervision.
[4] We are cognizant that this court reached a different result in Walsingham, where the plaintiff's settlement with the active tortfeasor was held as a bar to a vicarious liability claim against the employer. However, this case is factually distinguishable from Walsingham, in that here there has been no consent settlement and release. Further, the continued viability of Walsingham is in doubt following the decision in JFK Medical Center v. Price.
[5] The negligence action is subject to a four-year limitations period, see § 95.11(3)(a), Fla. Stat. (1983), while the UM claim is subject to a five-year limitations period. § 95.11(2)(b), Fla. Stat. (1983).