675 So.2d 142 (1996)
HARTFORD INSURANCE COMPANY OF the MIDWEST, a foreign corporation, Appellant,
v.
Concepcion MINAGORRI, Appellee.
No. 95-717.
District Court of Appeal of Florida, Third District.
May 1, 1996.
Rehearing Denied July 3, 1996.
*143 Richard A. Sherman, and Rosemary B. Wilder, Fort Lauderdale, Alan L. Landsberg, and Carol R. Seiderman, Hollywood, for appellant.
Kuvin, Lewis, Restani & Stettin, and R. Fred Lewis, Miami, for appellee.
Before JORGENSON, GERSTEN, and GREEN, JJ.
GERSTEN, Judge.
Appellant, uninsured motorist carrier Hartford Insurance Company ("Hartford"), appeals an adverse summary judgment allowing appellee, Concepcion Minagorri ("Minagorri"), to pursue Hartford for benefits without first proceeding against the Florida Insurance Guaranty Association ("FIGA"). We affirm.
In 1990, Minagorri was involved in an automobile accident with another driver, whose insurance company thereafter became insolvent. Statutorily, FIGA assumed all responsibilities of the tortfeasor's insurance company. See § 631.57(1), Fla.Stat. (1995). The tortfeasor's liability coverage was $10,000 per person and $20,000 per accident. Minagorri's uninsured motorist ("UM") coverage with Hartford had limits of $50,000 per person and $100,000 per accident.
On appeal, Hartford contends that Minagorri must first seek coverage from FIGA before making a claim against her UM carrier. We disagree based upon our conclusion that where an insured's UM coverage exceeds the tortfeasor's/FIGA's liability coverage, the insured may first seek recovery from his or her UM carrier.
We reach this conclusion by first noting that under circumstances where FIGA is not involved, an insured is not required to file an action against the tortfeasor prior to proceeding against the UM carrier. See Shelby Mut. Ins. Co. v. Smith, 556 So.2d 393 (Fla.1990); Allstate Ins. Co. v. Boynton, 486 So.2d 552 (Fla.1986). In other words, one involved in an accident with an uninsured motorist may choose to make a claim against his or her UM carrier instead of suing the tortfeasor. See Arrieta v. Volkswagen Ins. Co., 343 So.2d 918 (Fla. 3d DCA 1977). Certainly then, the same option should apply where FIGA steps into the shoes of the tortfeasor's carrier. See State Farm Mut. Ins. Co. v. Saumell, 273 So.2d 101 (Fla. 3d DCA 1973).
We can find no valid justification for a finding to the contrary, and specifically reject Hartford's argument that Metropolitan Prop. & Liab. Ins. Co. v. Clinton, 553 So.2d 1287 (Fla. 3d DCA 1989), rev. dismissed, 562 So.2d 345 (Fla.1990), requires a different result. Clinton is not applicable because the tortfeasor did not meet the statutory UM definition. This is so because the Clinton tortfeasor's liability coverage exceeded the plaintiff's UM coverage and therefore there simply was no "uninsured" motor vehicle upon which the plaintiff could predicate her claim for UM coverage.
By contrast, the tortfeasor in the present case had coverage that was lower than Minagorri's limits. Although Hartford's argument *144 engages in the Alice-in-Wonderland practice of departing from the usual meaning of words, it does not take a leap through the looking-glass for this Court to conclude that the tortfeasor who injured Minagorri was "uninsured" to the extent those injuries exceeded the policy limits. See Lewis Carroll, Through the Looking-Glass, (1872) ("When I use a word, it means just what I choose it to meanneither more nor less."). Minagorri satisfies the statutory definition for purposes of the injuries exceeding the tortfeasor's policy limits, and thus Clinton is distinguishable.
Minagorri not only met the statutory definition regarding entitlement to UM coverage, but was also entitled to recover under the terms of the Hartford insurance policy. The policy provides coverage to Minagorri for damages caused by an accident with the operator of an "uninsured motor vehicle." When an insolvent insurance company cannot pay the total amount of damages caused by its insured tortfeasor, the insured tortfeasor is considered an "uninsured motorist." See § 627.727(3), Fla.Stat. (1995). Because the tortfeasor's insurance company was insolvent, Minagorri is clearly entitled to benefits in accordance with the policy provisions.
In conclusion, neither the statutory provisions regarding UM coverage nor the terms of the Hartford insurance policy require Minagorri to proceed first against FIGA. See § 627.727, Fla.Stat. (1995); Jones v. Integral Ins. Co., 631 So.2d 1132 (Fla. 3d DCA 1994). Minagorri may proceed against her own UM carrier and is entitled to recover those damages which exceed the amount of the tortfeasor's limits. See Arrieta v. Volkswagon Ins. Co., 343 So.2d at 918.
Accordingly, because there is no genuine issue of material fact with regard to Minagorri's entitlement to pursue her claim for UM benefits, we affirm the entry of summary final judgment below. However, we reverse the amount of the judgment with directions to credit Hartford for the amount of the tortfeasor's liability coverage limits.
Affirmed in part; reversed in part and remanded with directions.