718 So.2d 1283 (1998)
Katherine S. ROBINSON, Appellant,
v.
AUTO OWNERS INSURANCE COMPANY, Appellee.
No. 97-03475.
District Court of Appeal of Florida, Second District.
October 16, 1998.
John V. Tucker of The Law Offices of Anderson & Tucker, St. Petersburg, for Appellant.
Kelly M. Feeley of DeBerg and Associates, P.A., Seminole, for Appellee.
NORTHCUTT, Judge.
Almost five years after Katherine Robinson was injured in an automobile accident, she sued to recover uninsured/underinsured motorist benefits from her insurer, Auto Owners Insurance Company. The circuit court rendered summary judgment for Auto Owners on the ground that the insurer had been prejudiced by Robinson's delay in giving Vit notice of the accident. We reverse because the record on motion for summary judgment did not conclusively establish that Auto Owners was prejudiced.
Robinson's accident occurred in March 1991. Although the other driver, who allegedly was at fault in the accident, had an Allstate insurance policy providing $10,000 in bodily injury liability coverage, Robinson *1284 made no claim against the other driver within the applicable four-year statute of limitations. In November 1995, Robinson gave notice of her UM claim against Auto Owners by sending the insurer a letter and a copy of the motor vehicle accident report.
In February 1996, Robinson sued Auto Owners to recover the UM benefits. Auto Owners attempted a third-party claim against the tortfeasor for subrogation. The tortfeasor obtained a summary judgment on the ground that the statute of limitations barred the claim. Auto Owners then moved for summary judgment on Robinson's UM claim.
A party may obtain a summary judgment only if the record conclusively demonstrates that there are no genuine issues of material fact, and that under the undisputed facts the movant is entitled to judgment as a matter of law. The court must draw every possible inference in favor of the non-moving party. See Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). If the record reflects the existence or the possibility of any genuine issue of material fact, or if the record raises even the slightest doubt that an issue might exist, that doubt must be resolved against the moving party and summary judgment must be denied. See Hervey v. Alfonso, 650 So.2d 644, 646 (Fla. 2d DCA 1995).
The section of Robinson's policy entitled "What You Must Do After An Accident or Loss", provided:
You and any person seeking coverage under this policy must notify us as promptly as practicable as to how, when and where the accident happened. We must have the names and address of any injured person and of any witnesses.
* * *
You and any person seeking coverage under this policy must cooperate with us in the investigation, settlement or defense of any claim or suit.

* * *
If we make a payment under this policy and the person to or for whom payment is made has a right to recover damages from another, we will be entitled to that right. That person shall do everything necessary to transfer that right to us and shall do nothing to prejudice it. ... The person to or for whom payment is made under Uninsured Motorist Coverage must hold in trust for us his rights of recovery against any legally liable person. He must do all that is proper to secure such rights and must do nothing to prejudice them. He must take any necessary action in his name to recover damages and reimburse us out of any proceeds to the extent of our payment. (emphases supplied)
Auto Owners maintained that it had been prejudiced by Robinson's failure to promptly notify it of the accident, her failure to assist and cooperate in the investigation of the accident, and her failure to preserve the insurer's right to recover UM payments through subrogation against the tortfeasor.
An insured's delay in notifying her insurer of an accident gives rise to a presumption that the insurer has been prejudiced. But that presumption may be rebutted by the insured's demonstration that the insurer was not prejudiced by the late notice. See Bankers Ins. Co. v. Macias, 475 So.2d 1216, 1218 (Fla.1985); Tiedtke v. Fidelity & Cas. Co. of New York, 222 So.2d 206, 209 (Fla.1969).
For purposes of Auto Owners's summary judgment motion, Robinson at least raised a question of fact regarding any prejudice the late notice might have caused the insurer in its investigation of the accident and Robinson's damages. The record reflects that Robinson had furnished Auto Owners substantial information. The accident report, interrogatories, and depositions of Robinson and the tortfeasor confirm that the drivers were the only witnesses to the accident. The insurer was given photographs of the damaged vehicles, and the repair shops were identified. Hammond Electronics, the owner of the vehicle Robinson was driving, was still in business in December 1996, and Robinson provided its address.
Robinson gave Auto Owners substantial post-accident medical information, including the name, address, and telephone number of *1285 her worker's compensation carrier, along with the name of the adjuster who handled her claim and that of her worker's compensation attorney. Finally, Robinson furnished an exhaustive pre-accident medical history, including the names, addresses, and telephone numbers of fifteen health care providers that have treated her in the past fifteen years.
In light of all the information that was given or is available to Auto Owners regarding the accident and Robinson's alleged injuries, it cannot be said that the record on motion for summary judgment conclusively foreclosed Robinson's ability to overcome the presumption that Auto Owners's investigation was prejudiced by the late notice. Therefore, Auto Owners was not entitled to summary judgment on this ground.
Even assuming that giving a late notice constitutes failure to cooperate, it is also apparent that Auto Owners was not entitled to summary judgment on that ground, either. When an insurer contends that the insured has breached her duty to cooperate in its investigation, the insurer bears the burden to prove that it was prejudiced by the failure. See Macias, 475 So.2d at 1218. Given all the information at Auto Owners's disposal, the record on the motion for summary judgment did not conclusively demonstrate that its investigation of Robinson's claim was hampered by the late notice.
Finally, Auto Owners argues that it was entitled to summary judgment as a matter of law because Robinson allowed the statute of limitations on her cause of action against the tortfeasor to expire, and thus failed to preserve the insurer's subrogation rights. Section 95.11(3)(a), Florida Statutes (1995), imposes a four-year limitation on the commencement of bodily injury actions. The limitations period for UM actions is five years. See Lumbermens Mut. Cas. Co. v. August, 530 So.2d 293 (Fla.1988).
Under Florida law, an insured is not obliged to sue the tortfeasor as a precondition to seeking UM benefits from her insurer. See Hartford Ins. Co. of the Midwest v. Minagorri, 675 So.2d 142 (Fla. 3d DCA 1996); Arrieta v. Volkswagen Ins. Co., 343 So.2d 918 (Fla. 3d DCA 1977). Moreover, the expiration of the limitations period as to the tortfeasor, a procedural defense, does not bar an insured's right to recover UM benefits. See Lewis v. Allstate Ins. Co., 667 So.2d 261, 263 (Fla. 1st DCA 1995); Jones v. Integral Ins. Co., 631 So.2d 1132 (Fla. 3d DCA 1994).
In Jones, the insurance policy contained broad language similar to that in the policy Auto Owners issued to Robinson, requiring the insured to "do everything necessary" to secure the insurer's subrogation rights, and do "nothing [ ... ] to impair them." However, because the policy did not expressly require the insured to file suit against the tortfeasor, the court held that the insured had no obligation to do so. Jones, 631 So.2d at 1133. Similarly, the policy at issue here did not expressly require Robinson to file a lawsuit against the tortfeasor in order to protect Auto Owners's subrogation rights.
Reversed and remanded for further proceedings.
BLUE, A.C.J., and CASANUEVA, J., concur.