GREEN, ROBERT A., Jr., Associate Judge.
This is an appeal from a judgment in favor of the plaintiff, appellee, in an action for damages. The question presented by the appellant is: Is a new unregistered station wagon that is taken out of a car dealership for a test drive a “motor vehicle” as defined by Fla.Stat. § 627.732(1).-
Defendant Horowitz went to defendant new car dealer and was shopping for a new car. The salesman told him to take a station wagon for a test drive if he liked, *812 and Horowitz did. While he was stopped at a traffic light, his foot slipped onto the accelerator by accident and the car hit the car ahead of the station wagon causing injury to the plaintiff. The only defense raised to the complaint by the defendant was the claim that the action was barred by Fla.Stat. § 627.730 et seq. (the “no-fault” act) because plaintiff’s medical expenses did not reach the required One Thousand Dollar ($1,000.00) threshold. The medical bills involved totaled One Hundred Ninety Eight and 50/100 Dollars ($198.50). The jury awarded the plaintiff One Thousand Five Hundred Dollars ($1,500.00).
The problem in the instant case arises in the anomalous situation wherein an automobile dealer in the State of Florida has a new, previously unregistered, but registera-ble vehicle for sale. Is this vehicle a “motor vehicle” in contemplation of Fla.Stat. § 627.732(1)? This must be answered in the affirmative.
Fla.Stat. § 627.732(1) provides:
“(1) “Motor vehicle” means a sedan, station wagon, or jeep type vehicle not used as a public livery conveyance for passengers and includes any other four-wheel motor vehicle used as a utility automobile and a pickup or panel truck which is not used primarily in the occupation, profession or business of the insured.”
Plaintiff argues that before a vehicle is sold, it is a part of the business inventory of the dealership and is still in the “stream of commerce” until it becomes registered and licensed. Under this theory, the vehicle is used primarily in the business of the insured and is therefore exempt from Fla. Stat. § 627.732(1). It is unnecessary for us to deal with this issue, see DeThorne v. Beck, 280 So.2d 448 (4th DCA Fla.). (A station wagon not used as a public livery conveyance for passengers but used primarily in the business of the insured is a “motor vehicle” as defined in Fla.Stat. § 627.732(1)). There has been no allegation by plaintiff that the motor vehicle in question is a public livery conveyance.
Fla.Stat. § 627.731 states the purpose of the “no-fault” act is to require “medical, surgical . . . benefits . . . for motor vehicles registered in this state.” (Emphasis added) Plaintiff contends Fla. Stat. § 627.731 excludes the unregistered inventory of a new car automobile dealer since it is not “registered in the State”. Plaintiff further supports this position by citing Fla.Stat. § 319.23(5) which provides :
“ . . . Licensed dealers need not apply for certificates of title for such motor vehicles in stock or where such are acquired for stock purposes.”
However, the Statute also provides:
“In all cases of transfers of motor vehicles, the application for certificate of title . . . shall be filed within ten days from the delivery of such motor vehicle.”
Appellee’s interpretation of Fla.Stat. § 627.731 makes an unwarranted distinction between the new unregistered but register-able vehicle, and a used motor vehicle. In the case of the used motor vehicle, the vehicle has a current registration and keeps it throughout the process of re-registration to the new owner. A new vehicle is not registered in any state until delivery to the ultimate purchaser — and even then, ten days may elapse after sale before initial registration. The intent of the legislature was to exclude the obvious, that is, a motor vehicle that is registered in a state or district other than Florida.
When a statute is capable of two interpretations, the one that produces an incongruous result should be avoided. Negron v. Travelers Ins. Co., 282 So.2d 28 (3d DCA Fla.1973); McKibben v. Mallory, 293 So.2d 48 (Fla.1974). We hold that, in *813 keeping with the spirit of the legislature, a new vehicle held for sale by a new car dealer, although not yet registered but otherwise registerable, under the Florida automobile reparations reform act is a “motor vehicle” under Fla.Stat. § 627.732(1).
The judgment appealed is reversed and remanded to the Circuit Court for proceedings not inconsistent with this opinion.