347 So.2d 1060 (1977)
CAVALIER INSURANCE CORPORATION, Appellant,
v.
Clarence MYLES, Appellee.
No. FF-169.
District Court of Appeal of Florida, First District.
June 24, 1977.
Rehearings Denied July 26, 1977.
*1061 Jeffrey A. Cramer of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Pensacola, for appellant.
Roderic G. Magie of Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum & Magie, Pensacola, for appellee.
BOYER, Chief Judge.
This is an interlocutory appeal by Cavalier Insurance Corporation, the defendant in the trial court, from an order granting the plaintiff's motion for summary judgment on the issue of coverage (liability). The appeal involves an interpretation of the socalled no-fault law, §§ 627.730-627.741, Florida Statutes 1975.
Both parties moved for summary judgment, the defendant contending that as a matter of law it was entitled to a summary judgment that there was no coverage. The court entered an order granting the plaintiff's motion for summary judgment on the issue of insurance coverage, therefore liability. This interlocutory appeal ensued.
The facts are not in dispute. Cavalier issued an automobile insurance policy to Lewis Ralph Myles, Jr., which policy included the statutory no-fault benefits. Clarence Miles, plaintiff in the trial court and appellee here, was a relative of, and resided in the same household with, the named insured and was not the owner of a motor vehicle. The plaintiff, while riding a bicycle in Escambia County, Florida, was struck by an automobile and was injured. The automobile which struck the plaintiff was a 1970 Ford "Bronco" which was licensed and registered in the State of Alabama. The plaintiff sought payment of personal injury protection benefits pursuant to his relative's insurance policy with Cavalier. Cavalier contends that since the Bronco was registered in Alabama and not in Florida the plaintiff's injury was not caused by physical contact with a "motor vehicle" and that therefore PIP benefits are not payable.
Section 627.736(4)(d)(1), Florida Statutes (1975), provides that the insurer of the owner of a motor vehicle shall pay personal injury protection benefits for accidental bodily injury sustained in this state by the owner while occupying a motor vehicle or, while not an occupant of a motor vehicle or motorcycle, if the injury is caused by physical contact with a motor vehicle. Subsection 3 of § 627.736(4)(d) gives to a relative of the owner residing in the same household the same benefits as the owner, *1062 provided the relative at the time of the accident is not himself the owner of a motor vehicle with respect to which security is required. Accordingly, personal injury protection benefits are payable to a relative of the owner residing in the same household for bodily injury sustained in this state while not an occupant of a motor vehicle or motorcycle if such relative's injury is caused by physical contact with a motor vehicle.
The parties agree that the plaintiff did not own a motor vehicle and that he was not an occupant of a motor vehicle or a motorcycle at the time of the collision. Therefore, the plaintiff is entitled to recover no-fault benefits in this case, but only if the injury is caused by physical contact with a motor vehicle.
In Deel Motors, Inv. v. Carrington, 305 So.2d 811 (Fla. 3rd DCA 1975), cert. den. 315 So.2d 197 (Fla. 1975), our sister court considered the question of what constituted a "motor vehicle" as defined by F.S. 627.732(1), and there decided that a new, unregistered, although otherwise registerable, station wagon which was taken out of an automobile dealership for a test drive was a "motor vehicle" as so defined.
Said statute provides:
"F.S. 627.732(1) `Motor vehicle' means a sedan, station wagon, or jeep-type vehicle not used as a public livery conveyance for passengers and includes any other four-wheel motor vehicle used as a utility automobile and a pickup or panel truck which is not used primarily in the occupation, profession, or business of the insured."
It is axiomatic that the provisions of statutes relating to insurance become a part of any policy issued in the state and that if the terms of a policy are susceptible of differing interpretations the interpretation which sustains the claim for indemnity or which allows the greater indemnity will be adopted. (See Dorfman v. Aetna Life Ins. Co., 342 So.2d 91 (Fla. 3rd DCA 1977))
The above-quoted statute, which specifically defines "motor vehicle" as used in the "no-fault law" contains no requirement that the automobile, in order to be so defined, be registered in the state of Florida nor does it contain any exclusion of automobiles not registered in the state of Florida. Sub judice the parties agree that the Bronco which struck the plaintiff is a four-wheel motor vehicle not used as a public livery conveyance for passengers and not used primarily in the occupation, profession, or business of the insured. It is therefore apparent, and we so hold, that the Bronco, although registered in a state other than Florida, was a "motor vehicle" as defined in F.S. 627.732(1).
In so holding we are not unaware of the statement, which was unnecessary to the opinion and therefore dictum, in Deel Motors, Inc. v. Carrington, supra, that "The intent of the legislature was to exclude the obvious, that is, a motor vehicle that is registered in a state or district other than Florida."
Appellant cites another case from our sister court of the Third District, Camacho v. Allstate Insurance Company, 310 So.2d 330 (Fla. 3rd DCA 1975). However, our examination of that case does not reveal that its holding has any relationship to our decision here.
Our decision that the trial judge properly determined that the Cavalier policy afforded PIP benefits to the plaintiff (appellee here) is buttressed by the stated purpose of the "no-fault act" as announced in Florida Statute 627.731, which provides as follows:
"The purpose of ss. 627.730-627.741 is to require medical, surgical, funeral and disability insurance benefits to be provided without regard to fault under motor vehicle policies that provide bodily injury and property damage liability insurance, or other security, for motor vehicles registered in this state and, with respect to motor vehicle accidents, a limitation on the right to claim damages for pain, suffering, mental anguish and inconvenience." (Emphasis added)
As above stated, the parties agree that the plaintiff was an additional insured under the Cavalier policy. That policy provided "bodily injury and property damage liability *1063 insurance, or other security" for a motor vehicle registered in this state, viz: The motor vehicle owned by Lewis Ralph Myles, Jr., the named insured.
AFFIRMED.
RAWLS and McCORD, JJ., concur.