560 So.2d 1310 (1990)
Raleigh B. NEWTON and Wife, Levonia M. Newton, Appellants,
v.
AUTO-OWNERS INSURANCE COMPANY and International Bankers Insurance Company, Appellees.
No. 89-2514.
District Court of Appeal of Florida, First District.
April 27, 1990.
Rehearing Denied June 5, 1990.
Ferrin C. Campbell, Sr., P.A., Crestview, for appellants.
Richard M. Denney, Fort Walton Beach, for appellee Auto-Owners Ins. Co.
Tommy E. Roberts, Jr., of Dixon, Blanton & Shelley, Tallahassee, for appellee International Bankers Ins. Co.
JOANOS, Judge.
This is an appeal from an order of summary judgment in favor of Auto-Owners *1311 Insurance Company (Auto-Owners) and International Bankers Insurance Company (Interbankers), on appellants' claim for uninsured motorist coverage under their policies with the respective insurers. The issue presented is whether a Florida insured must meet the threshold requirements of section 627.737(2), Florida Statutes (1984), when the claim is based upon the alleged negligence of an uninsured, nonresident motorist, and where the subject policy does not require the insureds to meet such threshold requirements, and specifically states under the uninsured motorist provision that the company will pay damages for bodily injury which the insureds are legally entitled to recover from the owner or driver of an uninsured motor vehicle. We reverse.
This case began as a declaratory judgment action, in which appellants sought an interpretation of the uninsured motorist provisions of their respective automobile insurance policies and applicable Florida Statutes, and a declaration that appellants are entitled to recover damages for injuries arising out of an accident with a non-resident, uninsured motorist. Specifically, appellants sought a decree that they are entitled to recover damages for their injuries arising out of the accident without the necessity of meeting the threshold requirements of section 627.737(2)(a)-(d), Florida Statutes (1984), under the uninsured motorist coverage of the policies issued to them by Auto-Owners and Interbankers. In addition, Levonia M. Newton sought personal injury protection benefits. Thereafter, the insurers filed motions to dismiss, raising as grounds that the complaint failed to state a cause of action in that appellants admitted they had not sustained a permanent injury pursuant to section 627.737, Florida Statutes.
On October 5, 1987, the trial court entered an order, determining that appellants must meet the threshold requirements of section 627.737(2), to sustain a claim under the uninsured motorist coverage of the policies. Appellants filed notice of appeal on October 19, 1987. By order of this court dated May 4, 1988, the appeal was dismissed for lack of jurisdiction, without prejudice to filing an appeal upon full resolution of all issues and entry of an appealable final judgment.
Following this court's dismissal, Auto-Owners and Interbankers filed their respective motions for summary judgment. Thereafter, appellants filed a notice of voluntary dismissal of their claim for personal injury protection benefits under the personal injury protection coverage of the policies, on grounds that these past due benefits had been settled and paid. After various proceedings not pertinent to the issue on appeal, the trial court entered final summary judgment in favor of Auto-Owners and Interbankers.
Uninsured motorist coverage is defined in section 627.727, Florida Statutes, which states in pertinent part:
(1) No motor vehicle liability insurance policy shall be delivered or issued for delivery in this state . .. unless uninsured motor vehicle coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom ...
.....
(7) The legal liability of an uninsured motorist coverage insurer does not include damages in tort for pain, suffering, mental anguish, and inconvenience unless the injury or disease is described in one or more of paragraphs (a) through (d) of s. 627.737(2). (Emphasis supplied.)
The section 627.737(2) limitation on tort damages specifies that 
a plaintiff may recover damages in tort for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness, or disease arising out of the ownership, maintenance, operation, or use of such motor vehicle only in the *1312 event that the injury or disease consists in whole or in part of:
(a) Significant and permanent loss of an important bodily function.
(b) Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.
(c) Significant and permanent scarring or disfigurement.
(d) Death.
The term "legally entitled to recover" means that "the insured must have a claim against the tortfeasor which could be reduced to judgment in a court of law." Allstate Insurance Co. v. Boynton, 486 So.2d 552, 555 (Fla. 1986). In Boynton, the court noted that one injured by an accident with an uninsured motorist has two options: (1) a common law action against the uninsured motorist, or (2) a claim against his uninsured motorist carrier. A prerequisite to the latter option is proof that the tortfeasor is uninsured.
The policy language at issue in this case states unequivocally that the respective insurer will pay damages for bodily injury sustained by its insured in an accident involving an uninsured motor vehicle, when the insured is "legally entitled to recover" from the owner or operator of the uninsured motor vehicle. It is undisputed that appellants sustained bodily injuries in an accident with an uninsured motorist. It is also undisputed that appellants have a claim for damages against the uninsured tortfeasor which could be reduced to judgment in a court of law. Thus, the critical question in this case is whether the insurance carriers should be bound by the language of their contracts with the insureds, or whether they should be afforded the exemption from tort liability available under the provisions of sections 627.727(7) and 627.737(2), Florida Statutes.
Reasons for holding the insurers to the terms of their agreement include the rule that the terms of a contract should be construed strictly against the party drafting the agreement, and that policy language should be construed liberally in favor of the insured, and strictly against the insurer so as to effect the dominant purpose of payment. Ellsworth v. Insurance Company of North America, 508 So.2d 395, 399-400 (Fla. 1st DCA 1987); Cavalier Insurance Corp. v. Myles, 347 So.2d 1060, 1062 (Fla. 1st DCA 1977); Davis v. U.S. Fidelity & Guaranty Co. of Baltimore, Md., 172 So.2d 485, 486-87 (Fla. 1st DCA 1965); Webster v. Valiant Insurance Co., 512 So.2d 971 (Fla. 5th DCA 1987); Dorfman v. Aetna Life Insurance Co., 342 So.2d 91, 93 (Fla. 3d DCA 1977); 31 Fla. Jur.2d, Insurance § 743 (1981). An additional reason for holding the insurer to the terms of its contract with its insured is that the policyholder pays an additional premium for such coverage, and the carrier pays only if the tortfeasor would have to pay. Boynton, 486 So.2d at 557. Moreover, the insurer may bring suit against the tortfeasor to recover all sums it has paid its insured under the uninsured motorist provision of the subject policy. Id., at 558.
In Boynton, the supreme court held that in the context of section 627.727(1), the phrase "legally entitled to recover" does not encompass claims where the uninsured tortfeasor is immune from liability because of the Workers' Compensation Law. The discussion in Boynton suggests that although technically an insured is "legally entitled to recover," there may be an immunity available to the tortfeasor which would inure to the benefit of the insurer, thereby absolving it from liability. In Boynton, the tortfeasor was immune from liability for injury to a co-worker by virtue of the workers' compensation remedy afforded the injured party. In such circumstances, the insurer's right of subrogation "would be frustrated if it were forced to pay claims when it would be barred by a substantive defense from winning a judgment against a tortfeasor." Boynton, 486 So.2d at 558.
Application of the Boynton reasoning to the instant case indicates that since the uninsured motorist does not have a substantive defense, the uninsured motorist insurers' rights to subrogation would not be frustrated if they were required to pay the claims of their insureds. In such circumstances, *1313 it appears the public policy underlying uninsured motorist coverage, i.e., to provide coverage "over and above, ... benefits available to an insured under ... personal injury protection benefits," § 627.727(1), Fla. Stat. (Supp. 1984), should prevail over the policy affording limited liability to the uninsured motorist insurer. That is, it appears that in this case, the respective insurers should be required to provide uninsured motorist coverage in accordance with the terms of their respective contracts with appellants.
In summary, the insurers in this case agree that appellants would be "legally entitled to recover" from the uninsured tortfeasor, within the meaning of the phrase contemplated in Boynton. Moreover, the insurers' subrogation rights are not in jeopardy due to a substantive defense which they would be precluded from raising, if they were required to pay the uninsured motorist claims at issue.
Accordingly, the order of summary judgment in favor of Auto-Owners and Interbankers is reversed, and the cause is remanded for further proceedings to determine liability and damages under the uninsured motorist provisions of the respective policies.
SMITH and WENTWORTH, JJ., concur.