POLEN, Judge.
The Bennetts operated an automobile repair garage on land acquired by the State of Florida Department of Transportation [DOT] as part of the Interstate 595 project in Broward County. Following the entry of an order of taking, a trial was held on the issue of valuation. Prior to trial, the DOT filed a motion in limine, seeking the exclusion of evidence regarding the cost to bring the Bennetts’ property into compliance with local building and environmental regulations. The Bennetts’ repair garage was exempt from the regulations because the Bennetts began operating their business prior to the enactment of these regulations. The Bennetts argued that compliance with the regulations would require them to build three walls around their property and install a grease oil separator. They sought compensation for what they claimed as enhanced value attributable to this nonconforming use.
The DOT’s motion in limine was denied, and the Bennetts were allowed, over renewed objection, to introduce evidence of the value of this nonconforming use. The Bennett’s expert, John T. Hagan, testified that in his opinion, the nonconforming use had a value of $41,600.00. Mr. Bennett testified that his property was worth $488,-364.00.
The jury returned a verdict finding that full compensation for the Bennetts’ parcel *1151 was $380,000.00, including $339,000.00 for the land, building, and fixtures, and $41,-000.00 for additional value due to the nonconforming nature of the property. We reverse the final judgment as to the $41,-000.00.
First, we note that the DOT did not waive appellate review of this issue. The record shows that the DOT made a contemporaneous objection to the admission of Hagan’s testimony regarding the $41,-600.00 value. The DOT did not acquiesce in the introduction into evidence of this portion of Hagan’s testimony. Further, although Mr. Bennett, as the landowner, was entitled to testify to the value of the land, his testimony presented a general figure only, while Hagan’s testimony included the specific value of $41,600.00, obviously followed by the jury in returning a verdict valuing the nonconforming use at $41,-000.00. Therefore, Hagan’s testimony was not cumulative of that of Mr. Bennett.
We reverse the final judgment as to the award of $41,000.00, in reliance upon a similar condemnation case. Malone v. Div. of Admin., Dep’t of Transp., 438 So.2d 857 (Fla. 3d DCA 1983), rev. denied, 450 So.2d 487 (Fla.1984). In Malone, the court determined that certain expenses incurred by the owners of a processing plant in reconstructing their facility on a different parcel, pursuant to regulations enacted subsequent to the facility’s inception, were non-compensable. Id. at 863. The court found that “[t]hese fees were incurred in order to comply with several pollution, health and safety regulations of the state, local and federal governments. Compliance with such ‘police power’ regulations is not com-pensable under Florida law.” Id. (citing Florida E. Coast Ry. Co. v. Martin County, 171 So.2d 873 (Fla.), cert. denied, 382 U.S. 834, 86 S.Ct. 79, 15 L.Ed.2d 78 (1965)).
We recognize that the Bennetts attempt to distinguish their case from Malone, preferring to refer to the compensation they seek as compensation for a nonconforming use. See 3M Nat’l Advertising Co. v. Tampa Code Enforcement Bd., 587 So.2d 640 (Fla. 2d DCA 1991). However, the fact that the Bennetts seek compensation for not having to comply with police power regulations does not make this value any more compensable than if they moved their business and sought reimbursement of this same dollar value, calling it an expense associated with compliance with regulations, as was the case in Malone.
Therefore, we reverse the final judgment in so far as it awarded the Bennetts $41,-000.00 for the nonconforming use of their property. We remand solely for the purpose of correction of the final judgment, as there is no need for a new trial on the issue of valuation due to the nature of the verdict form utilized here.[1]
REVERSED and REMANDED.
DOWNEY and ANSTEAD, JJ„ concur.

. We commend the trial court for its foresight in using this interrogatory form of verdict, so as to avoid having to retry the case should there be a reversal. We would encourage courts to utilize this approach in similar situations.