596 So.2d 1169 (1992)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant/Cross Appellee,
v.
Joseph DAUKSIS and Janice Dauksis, Appellees/Cross Appellants, and
Ramiro Benavidez, Appellee.
No. 91-0818.
District Court of Appeal of Florida, Fourth District.
April 1, 1992.
Rosemary Wilder and Richard A. Sherman of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, for appellant/cross appellee.
Daniel E. Jacobson of Jacobson, Cohen & Cohen, P.A., Fort Lauderdale, for appellees/cross appellants.
*1170 POLEN, Judge.
On June 10, 1988, Joseph Dauksis' car was struck from behind by an uninsured motorist. Dauksis presented a claim for uninsured motorist benefits to his carrier, State Farm Mutual Automobile Insurance Co. (State Farm). While Dauksis claimed that his injuries included a herniated disk, State Farm maintained that the appellee's injuries were limited to soft tissue damage.
The case proceeded to trial after Dauksis refused two offers of judgment. Dauksis moved in limine to exclude testimony concerning the lack of permanency of his injury, which the trial court granted based on Newton v. Auto-Owners Insurance Co., 560 So.2d 1310 (Fla. 1st DCA), rev. denied, 574 So.2d 139 (Fla.), and rev. denied, 574 So.2d 141 (Fla. 1990).
At trial, State Farm called Dr. Paul Baxt as an expert witness. During cross examination, appellee's counsel asked the doctor whether he had ever been treated or hospitalized for mental or psychological problems. State Farm objected and the trial court sustained the objection. The next day State Farm moved for a mistrial and the court reserved ruling until after the verdict was presented. The motion for mistrial was ultimately denied.
The jury returned a verdict for the appellee in the amount of $55,000. State Farm moved for a new trial based on alleged improper comments by appellee's counsel in closing, the alleged improper question asked to Dr. Baxt, the elimination of the defense of lack of permanency of the appellee's injuries, and the alleged excessive nature of the verdict. The trial court denied State Farm's motion for new trial, and State Farm therefore appealed the final judgment.
State Farm moved to offset the verdict based on recovered PIP benefits, which the trial court granted. Dauksis cross appealed, claiming that the trial court erred in making the set off because there were no itemizations on the verdict form which would show that the jury did not already make the necessary deductions.
The focal issue in this case is whether the plaintiff in a personal injury case against his or her uninsured motorist carrier must meet and prove the permanency requirements of section 627.737, Florida Statutes (1989). The trial court, in excluding evidence of the lack of permanency of Dauksis' injuries, relied on Newton v. Auto-Owners Insurance Co. State Farm argues in this appeal that Newton is in conflict with Allstate Insurance Co. v. Boynton, 486 So.2d 552 (Fla. 1986), and other case law concerning uninsured motorist coverage. We find that Newton is inapplicable to the case at bar and we therefore reverse.
In Newton the issue before the court was
whether a Florida insured must meet the threshold requirements of section 627.737(2), Florida Statutes (1984), when the claim is based upon the alleged negligence of an uninsured, nonresident motorist, and where the subject policy does not require the insureds to meet such threshold requirements, and specifically states under the uninsured motorist provision that the company will pay damages for bodily injury which the insureds are legally entitled to recover from the owner or driver of an uninsured motor vehicle.
Newton, 560 So.2d at 1311. The trial court in Newton had ruled that the plaintiff had to meet the threshold requirements to recover uninsured motorist benefits, but the First District Court of Appeal reversed.
The Newton court distinguished Boynton in part and reasoned that the threshold requirements did not have to be met in uninsured motorist claims as with regular PIP claims because of the policy behind section 627.727(1), Florida Statutes (Supp. 1984), which is to provide coverage "over and above ... benefits available to an insured under ... personal injury protection benefits." Id. at 1313. The court also found that its decision was in accord with Boynton because the uninsured motorist insurer's subrogation rights are not prejudiced if they are required to pay the claims of their insureds. Id. at 1312.
*1171 In Boynton the supreme court held that under section 627.727(1), the uninsured motorist coverage carrier stands in the same shoes as the uninsured motorist, "and can raise and assert any defense that the uninsured motorist could urge." Boynton, 486 So.2d at 557. This court has interpreted Boynton to hold that the insurer, in a case involving uninsured motorist coverage, has the tortfeasor's defenses available to it. See Allstate Ins. Co. v. Candreva, 497 So.2d 980 (Fla. 4th DCA 1986). Thus, it seems that if the tortfeasor had the permanency defense available to him in the case at bar, then State Farm should have been able to assert the defense and force Dauksis to prove that his injuries were permanent, beyond the threshold stated in section 627.737.
Dauksis argued that the tortfeasor could not have availed himself of the threshold defense from section 627.737 because he did not have the required security necessary to claim tort exemption. The tortfeasor in this case was uninsured and it seems impossible for any uninsured motorist to have the requisite security, which entails the minimum insurance coverage provided in sections 627.730-627.7405. Yet the supreme court has held the public policy of this state to be that every insured is entitled to recover for the damages he or she would have been able to recover if the offending motorist had maintained a policy of liability insurance. Carguillo v. State Farm Auto. Ins. Co., 529 So.2d 276 (Fla. 1988) (citing Mullis v. State Farm Mut. Ins. Co., 252 So.2d 229 (Fla. 1971)) (emphasis in original).
The supreme court also interpreted the uninsured motorist statute in Dewberry v. Auto Owner's Insurance Co., 363 So.2d 1077 (Fla. 1978). In that case the court held that uninsured motorist coverage is intended to allow the insured the same recovery which would have been available to him had the tortfeasor been insured to the same extent as the insured himself. Id. at 1080. We find Dewberry to be dispositive of the case at bar.
We hold that State Farm was entitled to assert the permanency defense and that the trial court erred in excluding the expert testimony concerning the permanency of Dauksis' injuries. We do not believe that Newton is applicable here because that case seems limited to its specific facts, which involve a non-resident uninsured motorist. However, to the extent that our decision here is contrary to that of the First District Court in Newton, we certify the conflict should this issue be presented to the supreme court for resolution.
We find no error in the remaining issues in the case at bar. As to the questions asked of Dr. Baxt on cross-examination, the trial court acted within its discretion sustaining the appellant's objection. Any possible error here was harmless. The comments made by counsel for Dauksis at closing were slightly inflammatory in nature; however, there were no contemporaneous objections made by counsel for the appellant. This precludes review on appeal in the absence of fundamental error. Nelson v. Reliance Ins. Co., 368 So.2d 361 (Fla. 4th DCA 1978). We do not agree with the appellant that the comments were of such a nature that neither rebuke nor retraction could destroy their prejudicial and sinister influence. See Sun Supermarkets, Inc. v. Fields, 568 So.2d 480 (Fla. 3d DCA), rev. denied, 581 So.2d 164 (Fla. 1990).
There was no evidence that the jury made any deductions in the amount of its award to the appellee, and the cross appeal is therefore without merit. In light of our decision to reverse on the main appeal, this issue may also be addressed by the trial court on retrial.[1]
We reverse and remand for a new trial and we instruct the trial court to permit *1172 expert testimony concerning the permanency of Dauksis' injuries.
DOWNEY and STONE, JJ., concur.
NOTES
[1] We again commend to the trial court's consideration the use of an interrogatory form of verdict (i.e., separate blanks for "special damages"), which might avoid such issues arising. See State of Florida, Dep't of Transp. v. Bennett, 592 So.2d 1150 (Fla. 4th DCA 1992) (motion for rehearing pending).