COPE, Judge.
State Farm Mutual Automobile Insurance Company appeals an adverse final judgment in favor of its insured, plaintiff Guido Gomez. We reverse.
Plaintiff was insured by State Farm under an automobile policy which included uninsured motorist coverage. Plaintiff’s automobile was struck by a motor vehicle owned and driven by Oliverio Antonio To-meu, a codefendant below. Tomeu carried personal injury protection (PIP) coverage but not liability coverage.
At trial of plaintiff’s uninsured motorist claim against State Farm, plaintiff successfully argued that under the State Farm policy he need not satisfy the verbal threshold of section 627.737, Florida Statutes (1989), in order to recover damages for pain and suffering.[1] The case was submitted to the jury on that basis. From a judgment in favor of plaintiff, State Farm appeals.
The State Farm policy provides, in part: We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle.
* * * * * *
Deciding Fault and Amount — Coverages U and U2
Two questions must be decided by agreement between the insured and us:
1. Is the insured legally entitled to collect damages from the owner or driver of an uninsured motor vehicle; and
2. If so, in what amount?
If there is no agreement, then:
# * * # # *
2. If either party does not consent to arbitrate these questions or if the arbitrators selected by each party cannot agree on a third arbitrator, the insured shall:
a. file a lawsuit in the proper court against the owner or driver of the uninsured motor vehicle and us, or if such owner or driver is unknown, against us; and
*970 b. upon filing, immediately give us copies of the summons and complaints filed by the insured in that action, and
c. secure a judgment in that action. The judgment must be the final result of an actual trial and an appeal, if an appeal is taken.
3. If the insured files suit against the owner or driver of the uninsured motor vehicle, we have the right to defend on the issues of the legal liability of and the damages owed by such owner or driver.
(A. 13, 15) (emphasis added).[2]
Under the policy as written, State Farm promises to pay the plaintiff insured exactly the same amount as the plaintiff would be legally entitled to recover in a suit directly against Tomeu.[3] State Farm is allowed to interpose all of Tomeu’s defenses on liability and damages. The question therefore is whether, in a suit directly against Tomeu, plaintiff would be required to satisfy the verbal threshold in order to obtain damages for pain and suffering.
Whether the verbal threshold must be satisfied depends on whether the tort-feasor motorist has provided the security required by the no-fault law. If a tortfea-sor motorist has failed to provide the security required by the no-fault law, then the injured plaintiff may obtain pain and suffering damages without satisfying the verbal threshold. § 627.737, Fla.Stat. (1989); Newton v. Auto-Owners Insurance Co., 560 So.2d 1310, 1311-12 (Fla. 1st DCA), review denied, 574 So.2d 139 (Fla.1990); see also The Florida Bar, Florida Automobile Insurance Law §§ 4.6, 8.12 (2d ed. 1991).
If, however, the tortfeasor motorist has provided the required security, then the injured plaintiff must satisfy the verbal threshold in order to obtain pain and suffering damages. § 627.737, Fla.Stat. (1989). Under the no-fault law, carrying personal injury protection (PIP) coverage constitutes the providing of security for purposes of section 627.737. See id. §§ 627.733, 627.-736. Since Tomeu had PIP coverage, the plaintiff was required to satisfy the verbal threshold in order to obtain pain and suffering damages from Tomeu. Id. § 627.-737.
Under the insurance policy, State Farm was entitled to the benefit of To-meu’s defenses. It follows that the plaintiff was required to satisfy the verbal threshold in order to recover damages for pain and suffering from State Farm under his uninsured motorist coverage. The trial court erred by ruling to the contrary.[4]
We have carefully considered the plaintiff’s contention that this issue was not properly preserved for appellate review, but are not persuaded thereby.[5]
For the reasons stated, under this insurance policy the insured plaintiff was required to satisfy the verbal threshold in order to obtain damages for pain and suffering. The final judgment must be re *971 versed and the cause remanded for a new trial.
Reversed and remanded.

. The so-called verbal threshold is set forth in section 627.737(2), which states:
In any action of tort brought against the owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.7405, or against any person or organization legally responsible for his acts or omissions, a plaintiff may recover damages in tort for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness, or disease arising out of the ownership, maintenance, operation, or use of such motor vehicle only in the event that the injury or disease consists in whole or in part of:
(a) Significant and permanent loss of an important bodily function.
(b) Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.
(c) Significant and permanent scarring or disfigurement.
(d) Death.

. Under the State Farm policy, Tomeu is defined as an uninsured motorist, even though he carried PIP coverage.

. Plaintiffs recovery against State Farm would be subject, of course, to the policy limit.

. In view of this ruling, we need not reach State Farm's alternative argument that this result would also be required by subsection 627.-727(7), Florida Statutes (1989). Compare State Farm Mutual Automobile Insurance Co. v. Dauksis, 596 So.2d 1169 (Fla. 4th DCA), review pending, No. 79,662 (Fla.1992) with Newton v. Auto-Owners Insurance Co., 560 So.2d 1310 (Fla. 1st DCA), review denied, 574 So.2d 139 (Fla.1990).

. First, a fair reading of the transcript is that the trial court was ultimately persuaded by plaintiffs argument based on the definitional section of the insurance policy; the court accepted the argument that under the wording of the definitional section, it made no difference whether or not the tortfeasor motorist carried PIP coverage. That being so, State Farm’s proffer (that Tomeu carried PIP coverage) was accepted as true for purposes of the ruling, and the point is adequately preserved for appeal. The plaintiff has (correctly) abandoned in this court any argument that the policy’s definition of "uninsured motorist" describes the substantive insurance coverage available under the policy. The substantive coverage of the insurance policy is described by the "legally entitled to collect" policy language set out at the beginning of this opinion.
Second, the issue raised by plaintiff in the motion for directed verdict was unpled and unfairly surprised the insurer.