623 So.2d 455 (1993)
Joseph DAUKSIS, et al., Petitioners,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., RESPONDENTS.
No. 79662.
Supreme Court of Florida.
June 17, 1993.
Rehearing Denied September 16, 1993.
Daniel E. Jacobson, Jacobson, Cohen & Cohen, P.A., Fort Lauderdale, for petitioners.
Richard A. Sherman and Rosemary B. Wilder, Law Offices of Richard A. Sherman, P.A., and James T. Sparkman of Barnett, Clark & Barnard, Fort Lauderdale, for respondents.
GRIMES, Justice.
We review State Farm Mutual Automobile Insurance Co. v. Dauksis, 596 So.2d 1169 (Fla. 4th DCA 1992), because of its certified conflict with Newton v. Auto-Owners Insurance Co., 560 So.2d 1310 (Fla. 1st DCA), review denied, 574 So.2d 139, 141 (Fla. 1990). We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
On June 10, 1988, Joseph Dauksis' automobile was struck from behind by an uninsured motorist. Dauksis made a claim for uninsured motorist benefits against his carrier, State Farm Mutual Automobile Insurance Company (State Farm). Dauksis claimed that the accident had caused a herniated disc, but State Farm maintained that he had only suffered soft tissue damage. At trial, Dauksis moved in limine to preclude State Farm from presenting evidence directed toward the lack of permanency of his injuries. Dauksis argued that because the tortfeasor did not have the required security necessary to claim tort exemption under section 627.737(2), Florida Statutes (1987), it was unnecessary for him to meet the permanency threshold of that subsection. The trial judge concluded that the permanency threshold *456 was inapplicable to Dauksis' claim and granted the motion. The jury ultimately returned a verdict in favor of Dauksis and his wife totalling $55,000. Following a reduction for personal injury protection (PIP) payments previously made by State Farm to Dauksis, final judgment was entered in the amount of $46,910.17.
The district court of appeal reversed the judgment, holding that the trial judge erred in excluding expert testimony concerning the lack of permanency of Dauksis' injuries. The court cited Dewberry v. Auto-Owners Insurance Co., 363 So.2d 1077 (Fla. 1978), for the proposition that uninsured motorist coverage is intended to allow the insured the same recovery which would have been available had the tortfeasor been insured to the same extent as the insured. The court reasoned that if the tortfeasor had carried the same insurance as Dauksis, he could have asserted the permanency defense. Thus, the uninsured motorist carrier, State Farm, should have been allowed to assert this defense as well. The court distinguished Newton as applying only to a nonresident uninsured motorist but certified the possibility of conflict with that case.
Uninsured motorist coverage is defined in section 627.727, Florida Statutes (1987), which states in pertinent part:
(1) No motor vehicle liability insurance policy shall be delivered or issued for delivery in this state ... unless uninsured motor vehicle coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom... .
... .
(7) The legal liability of an uninsured motorist coverage insurer does not include damages in tort for pain, suffering, mental anguish, and inconvenience unless the injury or disease is described in one or more of paragraphs (a) through (d) of s. 627.737(2).
Section 627.737(2) provides:
(2) In any action of tort brought against the owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.7405, or against any person or organization legally responsible for his acts or omissions, a plaintiff may recover damages in tort for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness, or disease arising out of the ownership, maintenance, operation, or use of such motor vehicle only in the event that the injury or disease consists in whole or in part of:
(a) Significant and permanent loss of an important bodily function.
(b) Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.
(c) Significant and permanent scarring or disfigurement.
(d) Death.
The security referred to in section 627.737 is an insurance policy or other equivalent security which provides PIP benefits. While automobile owners are required to carry PIP coverage, this section rewards them for doing so by exempting them from liability for non-economic damages except in cases involving permanency or death. The legislative theory is that if every automobile has PIP coverage, injured motorists will be reimbursed by their own carriers for most of their economic damages regardless of fault, and negligence actions against third parties will be limited to the more serious cases.
In view of section 627.727(7), it is clear that the statute does not require an insurance carrier to provide uninsured motorist coverage for pain, suffering, mental anguish, and inconvenience unless the threshold requirements of section 627.737(2) have been met. However, in Newton, which also involved a claim against an uninsured motorist, the court posed the issue as follows:
The policy language at issue in this case states unequivocally that the respective insurer will pay damages for bodily injury sustained by its insured in an accident involving an uninsured motor vehicle, when the insured is "legally entitled to recover" from the owner or operator of the uninsured motor vehicle. It is undisputed that *457 appellants sustained bodily injuries in an accident with an uninsured motorist. It is also undisputed that appellants have a claim for damages against the uninsured tortfeasor which could be reduced to judgment in a court of law. Thus, the critical question in this case is whether the insurance carriers should be bound by the language of their contracts with the insureds, or whether they should be afforded the exemption from tort liability available under the provisions of sections 627.727(7) and 627.737(2), Florida Statutes.
560 So.2d at 1312. The court held that the claimants could recover under the language of their policy because they would be "legally entitled to recover" from the uninsured tortfeasor without the necessity of meeting the threshold requirements of section 627.737(2). While the uninsured motorist in Newton happened to be a nonresident, the case did not turn on this point. Therefore, Newton is in direct conflict with the decision below.
It is well settled that insurance policies should be construed liberally in favor of the insured. Hartnett v. Southern Ins. Co., 181 So.2d 524 (Fla. 1965). While insurance companies may not provide less uninsured motorist coverage than required by statute, there is nothing to prevent them from providing broader coverage. Universal Underwriters Ins. Co. v. Morrison, 574 So.2d 1063 (Fla. 1990). As in Newton, Dauksis' insurance policy provides that State Farm will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. In a suit against the uninsured motorist, Dauksis could recover his damages for pain, suffering, mental anguish, and inconvenience without meeting the threshold because the uninsured motorist did not carry PIP coverage. Therefore, we hold that under the policy language, State Farm is required to pay the same damages.
We recognize that, assuming Dauksis could not meet the threshold, our holding creates the anomaly that he will be able to recover greater damages because he was struck by an uninsured motorist than he would if the motorist had been fully insured. However, the plain language of the insurance policy requires this result. Shelby Mut. Ins. Co. v. Smith, 556 So.2d 393 (Fla. 1990). Of course, if the driver who struck Dauksis had carried PIP coverage and not liability coverage, State Farm would have been entitled to raise the threshold defenses which would have been available to the tortfeasor.
We do not believe that Dewberry dictates a contrary result. The statement therein which equated uninsured motorist coverage with comparable liability insurance was made in the context of statutory interpretation rather than analysis of policy language. State Farm's reliance on Allstate Insurance Co. v. Boynton, 486 So.2d 552 (Fla. 1986), is also misplaced. In that case we denied the recovery of uninsured motorist benefits because the uninsured motorist was immune from liability under the Worker's Compensation Law. The purchase of worker's compensation insurance by the tortfeasor's employer had the effect of exempting him from a personal injury claim by his coemployee. Here, it is the failure to carry the requisite PIP coverage which prevents the tortfeasor from relying on the threshold defense. Furthermore, unlike the situation in Boynton, there will be nothing to preclude State Farm from pursuing its full right of subrogation against the uninsured tortfeasor.
We note that our decision is consistent with the recent opinion in State Farm Mutual Automobile Insurance Co. v. Gomez, 605 So.2d 968 (Fla. 3d DCA 1992). Because the uninsured motorist in that case carried PIP coverage, the court held that the claimant had to satisfy the threshold in order to recover damages for pain and suffering under his uninsured motorist coverage. However, the court stated:
Under the policy as written, State Farm promises to pay the plaintiff insured exactly the same amount as the plaintiff would be legally entitled to recover in a suit directly against Tomeu. State Farm is allowed to interpose all of Tomeu's defenses on liability and damages. The question therefore is whether, in a suit directly against Tomeu, plaintiff would be required to satisfy the verbal threshold in order to obtain damages for pain and suffering.
Whether the verbal threshold must be satisfied depends on whether the tortfeasor *458 motorist has provided the security required by the no-fault law. If a tortfeasor motorist has failed to provide the security required by the no-fault law, then the injured plaintiff may obtain pain and suffering damages without satisfying the verbal threshold.
Id. at 970 (footnote omitted). See also Robert C. Tilghman et al., Practice and Procedure in Handling an Automobile Case, in Florida Automobile Insurance Law § 8.12 (The Fla.Bar 2d ed. 1991), which states:
Uninsured motorist policies typically contain language to the effect that the carrier will pay the damages the insured is legally entitled to recover from the operator or owner of an uninsured vehicle. Because F.S. 627.737(2) provides that the tort threshold requirements apply only to an owner, registrant, operator, or occupant of a motor vehicle for which security has been provided, it follows that an insured is entitled to recover all damages regardless of whether the tort threshold requirements are met when seeking UM benefits.
Accordingly, we approve Newton and Gomez, quash the decision below, and remand with directions to reinstate the Dauksis' judgment.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, KOGAN and HARDING, JJ., concur.
McDONALD, J., dissents.