BLUE, Judge.
In this appeal we are asked to determine under what circumstances a claimant seeking uninsured motorist benefits must prove permanency of injuries in order to recover dam *589 ages for pain and suffering. Herschel N. Pollard, Jr. (Pollard) appeals the final judgment in an action brought to recover benefits under an uninsured motorist insurance policy issued by CNA Insurance Companies (CNA). Pollard contends the trial court erred because the jury was allowed to consider the question of permanency of his injuries in determining damages resulting from the subject accident. Pollard argues he should not have been required to satisfy the thresholds set forth in the Florida Motor Vehicle No-Fault Law, section 627.787(2), Florida Statutes (1985), before being entitled to damages for pain and suffering. We reverse and remand for a new trial because the recent decision of the Florida Supreme Court, Dauksis v. State Farm Mutual Automobile Insurance Co., 623 So.2d 455 (Fla.1993), determined this issue contrary to the trial court’s ruling.
On August 8, 1986, Pollard was injured as the result of an automobile accident involving Darryl Leon Williams, an uninsured motorist. Subsequently, Pollard sued both Williams and CNA, Pollard’s uninsured insurer, for damages resulting from an automobile accident. CNA raised as an affirmative defense the failure to meet the threshold. Pollard’s motion to strike the defense was denied by the trial court. The court’s ruling was based on State Farm Mutual Automobile Insurance Co. v. Dauksis, 596 So.2d 1169 (Fla. 4th DCA 1992), which CNA represented to the trial court as directly on point. Pollard contended the question was controlled by Newton v. Auto-Owners Insurance Co., 560 So.2d 1310 (Fla. 1st DCA), review denied, 574 So.2d 139 (Fla.), and review denied, 574 So.2d 141 (Fla.1990).
In Dauksis v. State Farm Mutual Automobile Insurance Co., 623 So.2d 455 (Fla. 1993), the supreme court reviewed both of the above-cited cases. The decision of the fourth district in Dauksis was quashed and the holding in Newton was approved. The supreme court held that whether a plaintiff injured by an uninsured motorist may obtain pain and suffering damages without satisfying the threshold requirements of section 627.737(2) depends on whether the tort-fea-sor motorist has provided the security required by the no-fault law (PIP) and the language of the uninsured motorist policy. A motorist having PIP coverage is not responsible for pain and suffering damages until the threshold requirements are met. A tort-feasor motorist without PIP coverage is not so insulated and is responsible for pain and suffering damages without the threshold requirement being met. The supreme court determined that “[DJauksis’ insurance policy provides that State Farm will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle.” Dauksis, 623 So.2d at 457. The court held that under this policy language, a claimant is entitled to the same damages from his uninsured insurer as he would be entitled to recover from an uninsured motorist.
The tort-feasor motorist in the instant case was admittedly operating a motor vehicle to which the security required by PIP had not been provided. As in Dauksis, CNA contracted to pay uninsured motorist benefits for any “damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person and caused by an accident.” Therefore, Pollard was entitled to recover damages for pain and suffering from CNA without satisfying the threshold requirements.
Without the benefit of the Florida Supreme Court’s decision in Dauksis, the trial court allowed the jury to consider the permanency of Pollard’s injuries on the issue of pain and suffering. We now know this was error and, accordingly, reverse and remand for a new trial. Our remand for a new trial renders all other issues on appeal moot.
Reversed and remanded.
DANAHY, A.C.J., and PARKER, J., concur.