OWEN, WILLIAM C., Jr., Senior Judge.
This case involves the issue of whether the degree of appellant’s comparative negligence, as determined by arbitration pursuant to the uninsured motorist provisions of appellee’s insurance policy, is an appropriate issue for trial when the arbitration award has been rejected under the type of escape clause held valid in Roe v. Amica Insurance Company, 533 So.2d 279 (Fla. 1988). We hold that it is not, and reverse the judgment with directions.
Appellant, the insured under an automobile liability policy issued by appellee, sustained personal injuries when the automobile she was driving collided with an underin-sured vehicle. Appellant accepted, with ap-pellee’s consent, the $10,000 policy limits from the tort-feasor’s insurer. Because appellant and appellee were unable to agree on (1) whether appellant was legally entitled to recover damages from the tort-feasor, and (2) the amount of any damages, she made a demand for arbitration on these two issues as required by the policy.
The arbitration panel’s decision was that appellant’s comparative negligence was 25%, her total damages were $100,000, and her damage award was therefore $75,000.
The policy contained the following provisions relative to the effect of the arbitration panel decision:
A decision agreed to by two of the arbitrators will be binding as to:
1. Whether the covered person is legally entitled to recover damages; and
*1208 2. The amount of damages, this applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of the state* in which your covered auto is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators’ decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.
Appellee, invoking the escape clause in the policy, rejected the award and demanded the right to trial. Appellant then filed this suit and specifically requested the court to limit the trial to the issue of damages. Appellee prevailed on the court to submit to the jury both the issue of appellant’s legal entitlement to recover damages from the tort-feasor and the issue of appellant’s damages. The jury verdict found the tort-feasor 40% at fault, appellant 60% at fault, and fixed her total damages at $150,300. As a consequence the judgment entered for appellant, after set-off, was $50,120.
Both the policy language and the placement of that language as a part of the separate paragraph pertaining to the amount of damages, make it clear that when the escape clause is exercised it is only the damage award which becomes non-binding. The trial is limited to the issue of the insured’s damages. Thus, the issue here is whether, as appellant contends, the apportionment of fault between the insured and the tort-feasor was an integral part of the arbitration panel’s decision on the insured’s “legal entitlement to recover damages from the tort-feasor” (and thus binding on the parties), or was, as ap-pellee contends, actually a part of the panel’s decision on “the amount of damages” (and thus must be tried along with all of the elements of damages claimed).
Since the insured would be “legally entitled to recover” from the tort-feasor only to the extent of the tort-feasor’s liability to the insured, we think it logical that a determination of the tort-feasor’s liability necessarily include a determination of any limit on that liability.[1] The arbitration panel found (by necessary implication) that the tort-feasor was liable for only 75% of the damages sustained by the insured. While that determination indeed does, as argued by appellee, affect the amount of the damage award (which of course is the product of the tort-feasor’s share of the fault multiplied by the total of the damages sustained), it is nonetheless an integral part of the binding liability decision and not an issue subject to trial upon the exercise of the escape clause.
The judgment is reversed. Upon remand the court is directed to enter judgment for the plaintiff-appellant in the amount of $102,-725, being the product of the tort-feasor’s percentage liability as determined by the arbitration panel multiplied by the plaintiff-appellant’s total damages sustained as determined by trial, less a set-off of the amount paid by the tort-feasor’s liability insurer.
REVERSED AND REMANDED.
POLEN and FARMER, JJ., concur.

. See, e.g., State Farm Mutual Insurance Co. v. Gomez, 605 So.2d 968 (Fla. 3d DCA 1992), where the tort-feasor’s liability was limited due to having provided the security required by the no-fault law.