SORONDO, Judge.
Allstate Indemnity Company (Allstate), appeals an order granting the motion for new trial of Elvia Diaz (Diaz), for violation of an order on a motion in limine.
Diaz filed a complaint under an Allstate policy for uninsured motorist coverage benefits arising out of an automobile accident with a hit-and-run driver. Prior to trial, Allstate admitted the accident and the only issue presented to the jury was the amount of damages Diaz was entitled to recover. Diaz moved in limine to preclude any evidence of permanency of her injury pursuant to Dauksis v. State Farm Mut. Auto. Ins. Co., 623 So.2d 455 (Fla.1993). The trial court ruled that unless Diaz claimed permanency of her injury the issue was irrelevant, and the defense would not be able to present evidence that the injury was not permanent.
Prior to the presentation of the defense case, the trial court instructed defense counsel to advise his witness, Dr. Glatzer, that the issue of permanency was not admissible. Defense counsel represented that Dr. Glatzer would only testify that Diaz did not have a disability. At the conclusion of his testimony, Dr. Glatzer was asked by defense counsel what he concluded regarding whether Diaz sustained any kind of injury. Dr. Glatzer testified that Diaz “sustained no permanent disability, nor did I feel she was in need of any further orthopedic care or treatment.” Diaz’ counsel objected and moved for mistrial. The court reserved ruling on the motion and instructed the jury to disregard the doctor’s last statement. One juror replied, “I will do the best that I can do.” The court stated, “you have to do more than that” and the juror replied, “all right.” Diaz’ counsel expressed concern regarding the juror’s response, and the trial court reiterated she was deferring ruling on the motion.
The jury returned a verdict of $6,700 for Diaz’ past medical bills and $3,600 for future medical care. The jury did not award any damages for either past or future pain and suffering.
Diaz filed a timely motion for new trial, arguing that a new trial was warranted in light of the direct and clear violation of the court’s order not to mention permanency. On July 18, 1996, the trial court heard and granted the motion, “based on the fact that the doctor, in violation of the court order, made the statement concerning permanency which affected the jury’s decision in this case.” On July 25, 1996, the trial court entered a written order granting the motion for new trial. Allstate appeals.
We begin by addressing the underlying issue in this case which is whether Dauksis stands for the proposition suggested by the trial court and argued by Diaz in this appeal. In Dauksis, the Supreme Court reviewed the interplay of sections 627.727(7) and 627.737(2), Florida Statutes, in the process of analyzing a provision of an uninsured motorist policy. The issue facing the court was whether the insured, based on the language of the policy, could recover noneconomic damages against the uninsured motorist carrier without first satisfying the threshold requirements of section 627.737(2) in the case of an uninsured motorist who did *96 not have personal injury protection coverage. In the present case Allstate did not raise a threshold defense. Indeed, the only issue presented to the jury was the issue of damages. Consequently, we do not find that Dauksis controls the issue presented in this case. The plaintiffs motion in limine should therefore have been denied.
Even, if we consider the trial court’s order in limine as a purely evidentiary ruling, i.e. that evidence of non-permanency of Diaz’ injuries was irrelevant in the absence of evidence of permanent injury, we would still be forced to reverse the order under review. During his opening statement Diaz’ counsel told the jury that the automobile accident “dramatically changed [Diaz’] life,” and that her doctor told her that “[she][was] going to have to learn to live with the pain.” During her ease-in-chief, Diaz called Dr. Carolina Sierra who téstified that Diaz had reached maximum medical improvement and that her injuries were not going to improve. The doctor further testified that Diaz continued to suffer from chronic lower back pain and would continue to need physical therapy indefinitely. At the conclusion of Diaz’ case, Diaz’ counsel introduced the standard mortality tables and told the jury, “Based on the 1983 individual immortality [sic] table, a 57 year old woman has a life expectancy of 20.910 years.” [1] Following up on the same theme, counsel told the jury in summation:
We . can’t take her pain away. We can’t make her physically better. We can’t make her whole. The doctors have tried that. They can’t do it. She has reached maximum improvement. She has to live with this. She has to live with her pain.
Later in his summation counsel added:
She is going to need [physical therapy] for the rest of her life, the rest of her 29 years, under the mortality table from my math or my calculator, which shows that is about $17,000 for future medical expenses.
Although counsel never said the words, “permanent injury,” he repeatedly told the jury, in virtually every other way possible that his client’s injuries were permanent. - Thus, Allstate should have been allowed to respond to the continuous allegations of permanent injury.
For the reasons set forth above we reverse the order of the trial court granting Diaz’ motion for new trial and remand with instructions to reinstate the jury’s verdict.
■ Reversed and remanded.

. We observe that mortality tables are not admissible in the absence of evidence of permanent injury. Louisiana-Pacific Corp. v. Mims, 453 So.2d 211 (Fla. 1st DCA 1984); Swan v. Wisdom, 386 So.2d 574 (Fla. 5th DCA 1980).