PER CURIAM.
When the Florida DOT widened Da-vie Boulevard in Broward County, the taking included a portion of the appellee landowner’s entrance to a strip shopping center. Over the DOT’s objection, owner’s appraiser included in his opinion as to severance damages the fact that the owner would lose parking spaces because he would now have to have a handicapped parking space. The appraiser would not allocate what portion of the severance damages was attributable to parking.
Compliance with police power regulations is not compensable under Florida eminent domain law. State Dept. of Transp. v. Bennett, 592 So.2d 1150 (Fla. 4th DCA 1992); Malone v. Division of Admin., State of Florida Dept. of Transp., 438 So.2d 857 (Fla. 3d DCA 1983); and Florida East Coast Ry. Co. v. Martin Co., 171 So.2d 873 (Fla.1965). In those cases the owners were exempt from compliance with regulations prior to the taking, because their businesses were in operation before the regulations became applicable to their property. In the present ease, the owner was not. He sees this as a way to distinguish those cases; however, that distinction only makes his position even more *1327 untenable than it would have been if he had been exempt prior to the taking. We therefore reverse for a new trial.
POLEN, KLEIN and GROSS, JJ., coneur.