PER CURIAM.
State Farm Mutual Automobile Insurance Company (“State Farm”) appeals from a Final Judgment, entered upon a jury verdict, awarding John and Dorothy Dixon (“the Dixons”) uninsured motorist benefits, including non-economic damages. State Farm argues that it was reversible error to allow an award for non-economic damages where the insured did not first meet the threshold requirements of section 627.737(2)(a-d), Florida Statutes.
The Dixons collided with a vehicle driven by an uninsured motorist and sought benefits from State Farm, their uninsured motorist carrier. State Farm did not pay benefits and the Dixons instituted an action seeking No-Fault PIP Benefits, Uninsured Motorist Benefits, and MedPay Benefits, including damages for loss of companionship, services and consortium on behalf of Dorothy. All claims, except for the Uninsured Motorist claim, were settled prior to trial.
At trial, State Farm argued that in order to recover damages for pain, suffering, mental anguish, and inconvenience, section 627.727(7), and a clause in the State Farm policy, require that a party’s injury be a serious injury as described in section 627.737(2)(a-d) of the Florida Motor Vehicle No-Fault Law. The trial court disagreed with State Farm finding that permanency is not at issue in an uninsured motorist case and precluded any evidence relating to the threshold requirements.
The jury awarded John Dixon damages, for medical expenses, loss of earnings or working time, future medical expenses and loss of earning ability, past and future pain and suffering, mental anguish, and loss of capacity for the enjoyment of life totaling $36,275. The jury awarded Dorothy Dixon damages for loss of her husband’s society, comfort, and services totaling $7,500. Final Judgment was entered in the above amounts. An Amended Final Judgment was then entered awarding $29,500 to John Dixon and $7,500 to Dorothy Dixon. State Farm appeals the Final Judgment and Amended Final Judgment. Because of the lack of evidence on the issue of *2 permanency as required under section 627.727(7), Florida Statutes, and the failure of the trial court to instruct the jury accordingly, we reverse.
Section 627.727(7), Florida Statutes provides:
The legal liability of an uninsured motorist coverage insurer does not include damages in tort for pain, suffering, mental anguish, and inconvenience unless the injury or disease is described in one or more of paragraphs (a) through (d) of section] 627.737(2).[1]
(emphasis added). It is clear that the reference to section 627.727(7) only relates to subsections (a) through (d) of section 627.737(2) as opposed to the entire section. Thus, an insured seeking non-economic benefits from her or his uninsured motorist carrier, must first meet the threshold requirements enumerated in section 627.737(2)(a-d).
In Dauksis v. State Farm Mutual Auto. Ins. Co., 623 So.2d 455 (Fla.1993), the Supreme Court recognized that the statute “does not require an insurance carrier to provide uninsured motorist coverage for pain, suffering, mental anguish, and inconvenience unless the threshold requirements of section 627.737(2) have been met.” Dauksis, at 456. In Dauksis, however, State Farm’s policy provided that it would pay for any damages for which the insured is “legally entitled to recover” from the tortfeasor. The Court noted that in an action against the tortfeasor Dauksis could recover his non-economic damages without meeting the threshold because the tortfeasor did not carry any insurance coverage. Dauksis, at 457. Thus, State Farm was required to pay for pain, suffering, mental anguish, and inconvenience. See also Pollard v. Williams, 623 So.2d 588 (Fla. 2d DCA 1993).
The Dixons point us to a portion of the Dauksis opinion wherein the Court states: “[o]f course, if the driver who struck Dauk-sis had carried PIP coverage and not liability coverage, State Farm would have been entitled to raise the threshold defenses which would have been available to the tortfeasor.” Dauksis, at 457. The Dixons mistakenly argue that this statement stands for the proposition that the insured must only meet the threshold requirements if the tortfeasor carries some level of insurance. That interpretation of the statement is incorrect. The statement stands for the proposition that, based on its policy language, State Farm stood in the shoes of the tortfeasor. Therefore, if the tortfeasor had some insurance and would have been entitled to raise the threshold defense, State Farm would have similarly been entitled to the defense. See State Farm Mutual Auto. Ins. Co. v. Gomez, 605 So.2d 968 (Fla. 3d DCA 1992).
The insurance policy involved in Dauk-sis had the effect of providing greater coverage to an insured than that provided under the statute because State Farm contracted to cover the damages that its insured would be entitled to from the tort-feasor. Since Dauksis, and likely as a result of Dauksis, State Farm altered its policy language. The State Farm policy at issue herein provides that benefits for bodily injury are available under the UM coverage if “[t]he bodily injury [is a] serious injury as described in section 627.737(2) of the Florida Motor Vehicle No-Fault Law *3 before we will pay for damages consisting of pain, suffering, mental anguish, or inconvenience.” The current policy language has the effect of limiting the insured’s coverage to that which she or he is entitled to under Florida law. We find that the trial court erred in failing to accept testimony, and to give an instruction, relating to the threshold requirements of section 627.737(2)(a)-(d).
Based on the foregoing, this cause is reversed and remanded for a new trial with instructions that the plaintiff must meet the threshold requirements of section 627.737(2)(a-d) before State Farm can be held responsible for non-economic damages.
Reversed and remanded with directions.

. Section 627.737(2)(a)-(d) provides:
In any action of tort brought against the owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by s[ection]s 627.730-627.7405, or against any person or organization legally responsible for her or his acts or omissions, a plaintiff may recover damages in tort for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness, or disease arising out of the ownership, maintenance, operation, or use of such motor vehicle only in the event that the injury or disease consists in whole or in part of: (a) Significant and permanent loss of an important bodily function, (b) Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement. (c) Significant and permanent scarring or disfigurement, (d) Death.